CASE 65—PETITION—OCTOBER 25.

# O'Bannon v. Louisville, Cincinnati & Lexington Railroad Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. ACTIONS AGAINST A RAILROAD COMPANY FOR INJURIES TO STOCK MUST BE BROUGHT WITHIN SIX MONTHS.—Actions against the Louisville, Cincinnati & Lexington Railroad Company for injuries to stock must be brought within six months after such injury.

2. Section 7 of an act to amend the charter of the Louisville & Frankfort Railroad Company, approved February 23, 1856, providing that actions for injuries to stock and other property on said road by the company or its agents "*must be brought within six months after such injury*," is constitutional.

O'Bannon v. Louisville, Cincinnati & Lexington Railroad Company.

3. No law shall relate to more than one subject.

An act to amend the charter of the Louisville & Frankfort Railroad Company, approved February 23, 1856, provided in section 6 that for all damages done to stock or other property injured or killed by its locomotives or trains of cars running on its road, when the same is done by its carelessness or the carelessness of its agents and employees, and in section 7 that "actions for injuries to stock and other property on said road by the company or its agents, must be brought within six months after such injury."

Said act, defining the *liability* and the *limitation*, is constitutional, and relates to but one subject, the railroad, and that is clearly expressed in the title.

4. At common law railroad companies were not liable for injuries committed by their trains upon stock straying upon the road, unless the injuries were the result of willful and reckless negligence on the part of the company or those in its employ. (Louisville & Frankfort Railroad Company v. Ballard, 2 Metcalfe, 183.)

THOMPSON, BOOTH & KLINE, . . . . . For Appellant,

CITED

Myers's Supplement, act of May 31, 1865, page 295.
Revised Statutes, chapter 63.
Session Acts, 1855–6, page 314.
Constitution of Kentucky, section 37, article 2.
Constitution of Kentucky, section 1, Bill of Rights.
Cooley on Constitutional Limitations, pages 142, 143.
Act of March 10, 1854, 2 Stanton, 510.
Locke on Civil Government, section 142.
2 Met. 220, Phillips v. Covington & Cincinnati Bridge Co.
3 Metcalfe, 146, Chiles v. Drake.
2 Met. 165, Louisville & Oldham Turnpike Co. v. Ballard.
7 Met. (Mass.) 393, Davidson v. Johonnot.
3 Greenleaf's Reports, 326, Lewis v. Webb.
5 Bush, 303, Commonwealth v. Pointer.
11 Massachusetts, 396, Holden v. James.

WRIGHT & GREEN, . . . . . . . . . . For Appellee,

CITED

Constitution of Kentucky, art. 2, sec. 3; art. 13, sec. 1.
Revised Statutes, section 23, chapter 21.
Revised Statutes, section 2, article 3, chapter 63.
Act of March 10, 1854, 2 Stanton, 510.
Act of February 23, 1856, Session Acts, 1855–6, page 314.

Act of March 15, 1862, Myers's Supplement, 292.
Act of February 20, 1864, Myers's Supplement, 293.
Act of May 31, 1865, Myers's Supplement, 295.
Act of February 2, 1866, Session Acts, 1865–6, p. 259.
Act of February 8, 1370, Session Acts, 1869–70, p. 243.
4 Littell, 428, Weir v. Bush.
2 Met. 183, Louisville & Frankfort Railroad v. Ballard.
2 Met. 168, Louisville & Oldham Turnpike Co. v. Ballard.
4 Met. 74, Chiles v. Monroe.
3 Bush, 149, Louisville & Nashville Railroad Co. v. Wainscott.
5 Bush, 302, Commonwealth v. Pointer.
14 B. Monroe, 75, Louisville & Frankfort Railroad v. Milton.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, John W. O'Bannon, filed his action in the Jefferson Court of Common Pleas, alleging that the appellee with its trains carelessly and negligently ran over and killed the horse of the appellant, of the value of twelve hundred dollars, etc. The appellee answered, denying the allegations of appellant's petition, and further alleging that appellant's cause of action, if any he had, accrued more than six months previous to the filing of his petition. The law and facts were submitted to the court, and a judgment rendered against the appellant for costs, etc., and from which judgment he has appealed. The appellant insists that the seventh section of the act of the legislature, approved February 23, 1856, entitled "An act to amend the charter of the Louisville & Frankfort Railroad Company," by which "actions for injuries to stock and other property on said road by the company or its agents, must be brought within six months after such injury," etc., is unconstitutional, and this is the only question of any importance presented in the record.

At common law the appellee was not liable for injuries committed by its trains upon stock straying upon its road, unless the injuries were the result of willful and reckless negligence on the part of the company or those in its employ. This court in the case of the Louisville & Frankfort Railroad

Company v. Ballard (2 Metcalfe, 183), in determining the
common law liability of the railroad company for killing
Ballard's horse, adjudged that before the plaintiff could re-
cover it must appear that the killing was caused by the
wanton and reckless negligence of the company or its agents.
The petition in the case, *supra*, alleged that the horse of
Ballard had been willfully, wantonly, and recklessly run over
by the cars of the company, and the case was regarded in the
court below, as well as in this court, as a common law proceed-
ing, and that no liability existed upon the part of the company
in the absence of the proof of willful and reckless negligence
on the part of the company.  The sixth section of the act of
1856 in reference to this railroad company makes it liable
for all damages done to stock or other property injured or
killed by its locomotives or trains of cars running on its
road, when the same is done by its carelessness, or the care-
lessness of its agents or employees.  The allegations of
plaintiff's petition are sufficient to constitute a cause of action
by reason of this statute only, and the liability of the appellee
in this case, if any exists, rests altogether upon its provisions.
The law is changed by this enactment, and a less degree of
negligence will make appellee responsible than required by
the rules of the common law.

The legislature, in creating this corporation and during its
existence, had the undoubted right to increase or lessen the
liability of the company in regard to injuries to stock com-
mitted upon its road by the company or its agents.  The
appellant relies alone for a recovery by reason of the liability
on the part of the appellee created by this statute, for if the
common law rule is made to apply the petition itself is de-
fective, and there is no proof whatever to sustain a cause of
action based upon the willful and reckless negligence of the
parties.

Assuming then that under this statute the appellee is

liable for the carelessness of its agents in injuring appel-
lant's horse, and that the present action is to be regulated by
its provisions, this same statute changing the common law
liability of the company also enacts the statute of limitation
as applicable to such cases, and requires that the action shall
be brought within six months from the time the injury was
committed. If the legislature has the constitutional right to
increase by this enactment the liability of the company, it
certainly has the power to say how long this liability should
continue, and if one part of the act is unconstitutional the
other is also; and to determine it unconstitutional would be
in effect deciding that the appellant has no cause of action,
as it can not exist independently of this statute. We are
unable to perceive how this statute is in violation of or
within the inhibition of the first section of the bill of rights.
(1 Revised Statutes, page 151.)

In one point of view exclusive and separate rights or
privileges necessarily belong to all corporations. A railroad
company by paying the owner of the land and the damages he
may sustain obtains the right of way over it. The right of
way over streets for railway purposes, the powers pertaining to
banking corporations, turnpike road companies, and all powers
peculiar and incidental to corporations, may be granted by the
legislature and exercised by the corporation, and are not, as
has often been decided, inhibited by the constitution; nor
is the act in violation of that provision of the constitution
reciting "that no law enacted by the General Assembly shall
relate to more than one subject, and that shall be expressed in
the title."

The Louisville & Frankfort Railroad Company is the sub-
ject of this legislation, and the act is entitled "An act to
amend the charter of the Louisville & Frankfort Railroad
Company." This act relates to but one subject, and that is
clearly expressed in the title, and the legislation under it is

in reference to the subject-matter of the title, and has a direct connection with it. Reference is made to the case of the Louisville & Oldham Turnpike Road Company v. Ballard, 2 Met. 167, and Phillips v. Cincinnati & Covington Bridge Company, 2 Metcalfe, 220, and the authorities there cited, as sustaining this, view of the question presented. It is also argued that a general statute is not repealed by a local or private act unless such intention is clearly expressed.

In the statute of limitations, article 3, section 2, 2 Revised Statutes, page 127, the limitation is five years, "when no other time is fixed by the statute creating the liability." In Weir v. Bush, 4 Littell, 434, this court say "that in every case of corporations created by statute, so far as the statute directs and provides, it must rule." In this case the liability and limitation are both defined by the statute, and the act itself *manifests clearly* the intention of the legislature, and that is, that so far as the limitation of the liability of the company is concerned it is regulated by the act of February, 1856.

We perceive no error in the record prejudicial to the appellant, and the judgment of the court below is now affirmed.