CHIEF. JUSTICE BETEES
delivered -,thé opinion op the court.
Appellant1 brought this- action, against appellee.on the 22d of October, 1873, for running its locomotive over and killing his horse on the 6th of April, 1873.
In the second paragraph .of. the. answer appellee pleaded and relied on the statute of limitations as a bar to the action. Appellant demurred to that paragraph of the answer. His demurrer was, overruled., by the. .court. below; fye elected to stand by his demurrer; and judgment having been rendered against him,, lje. now, appeals to, this court to .review and reverse that judgment.
The sixth section of an act entitled “An act to amend the charter of the Louisville & Nashville Railroad Company,” approved the 6th of February, 1858, provides that the Louisville & Nashville Railroad Company for the m^in line ,and its branches, in making a tariff for freight and passengers, shall have the same authority that is vested in the Lexington '& Frankfort and the Louisville & Frankfort railroad companies by ¡their charters and amendments thereto, and shall have the right to plead and rely upon the same limitations for the same causes of action provided for said railroad companies. (1 Session Acts 1857-8, p. 293.)
The seventh section of an act approved February 23,1856, entitled “An act to amend the charter of the Louisville & .Frankfort Railroad Company,” provides that all suits brought against said company for stock or other property injured or killed on their said road-musí be brought within six months after such injury or killing is. done.. (1 Sess. Acts 1855-6, p. 315.)
*487 .As it is apparent on the petition that more than six months had elapsed from the time of the killing complained of till the action was brought, the limitation fixed by the statutes presented a bar to the action, unless.they have been abrogated or changed by subsequent legislation, which the learned counsel for appellant contends has been done by the act approved 17th of March, 1871,-entitled “An act to further protect the owners of stock living along the line of railways,” by which it is provided that the owners of stock killed or crippled by the train or locomotive of any railroad companyimay by pursuing the course therein prescribed, if any railroad company shall fail for ninety days'to pay the owner'of stock so killed or crippled the full amount assessed by the board of appraisers provided'for in said act' and'one half of the "costs of the assessment, institute an action in any court having jurisdiction of the original cause of action; and if on the trial the plaintilf shall recover a verdict equal to the amount assessed • by said appraisers, it is then made the duty of the court to rendey judgment for the amount of the verdict and twenty-five per centum in addition thereto; but if he fails to recover a verdict for an amount equal to said assessment, the costé of the action .shall be taxed agáinst him.
. ' This statute does not take away nor- suspend the right of the owner of the stock killed or crippled by a railroad company to commence his action immediately after the injury .is done; nor does it in terms stop or suspend the running of the statute of limitations supra, nor does it repeal said statute in terms or by implication. No such object is expressed in the title of the last enactment, nor aré its provisions inconsistent with the other statutes. Its object is to increase the recovery of the owners of stock killed or crippled by railroad companies, if an assessed value is not paid within the time prescribed -.without suit; and if the owner pursues the mode provided .by the statute to increase his recovery, he by his own- act *488 diminishes the time in which his action must be brought, and he must abide the legal consequence.
The demurrer was therefore properly overruled, and the judgment must be affirmed.