City of Covington v. Voskotter.

---

CASE 42—EQUITY—APRIL 6, 1882.

## City of Covington v. Voskotter.

APPEAL FROM KENTON CHANCERY COURT.

1. The act of February, 1874, limiting suits against the city of Covington, is not a private act, but, within the meaning of the Code, is a public statute of local application.
2. It is not unconstitutional upon the ground that it is not sufficiently designated in the title.

City of Covington v. Voskotter.

.3. The words "illegally or erroneously collected" were intended to cover every case where the citizen has paid taxes which the city had no right to exact, whatever may be the state of case upon which the levy and collection is made.

M. L. ROBERTS AND HALLAM & PERKINS FOR APPELLANT.

1. The act approved February, 1874, to amend the charter of the city of Covington, is intended to discourage this class of suits.
2. If the action be not to recover taxes illegally or erroneously collected, we fail to comprehend what character of action it is.
.3. The act is a public act, and need not be pleaded. (Overfield v. Sutton, 1 Met., 624; Allen. v. Ramsey, 1 *Ib.*, 637; Lee v. Forman, 3 *Ib.*, 116; Johnson v. Offut, 4 *Ib.*, 21; Dillon. on Mun. Corp., sec. 50; 9 Bush, 521.)
·4. The plea of limitation is held in City of Hickman v. Hubbard, 4 Bush, 204, to be meritorious.

SIMMONS & SCHMIDT AND A. DUVALL FOR APPELLEE.

1. Appellee bases his right to recover upon numerous adjudications of this court, that where taxes have been paid upon a mistake of law or fact they may be recovered back. (Underwood v. Brockman, 4 Dana, .309; Ray v. Bank of Ky., 3 B. Mon., 514; Covington v. Powell, 2 Met., 228; Louisville v. Henning, 1 Bush, 383; Louisville v. Anderson, 79 Ky. Rep.)
·2. The rule in equity is, that in cases of fraud or mistake the statute of limitations will begin to run from the time of discovery. (Story's Eq., sec. 1521; 4 J. J. Mar., 75; Bank v. Markley, 1 Dana, 374; 12 B. Mon., 271; 5 Bush, 635; 3 Litt., 177; E. & P. R. R. Co. v. Trustees Elizabethtown, 12 Bush, 237; 15 B. Mon., 393; 5 Litt., 98; 3 *Ib.*, 518.)
·3. The act is unconstitutional. (12 Bush, 110.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The only question we need consider is, whether the demurrer was properly sustained to the plea of the statute of limitations.

It is contended for appellee, first, that the plea is not sufficient in form, because the statute is a private statute, and is not referred to by its title and by designation of the day on which it became a law, as required by section 119 of the Civil Code. It is not a private statute within the meaning of the Code, but a public statute of local applica-

City of Covington v. Voskotter.

tion.    It has reference to the regulation in exercise of a high prerogative governmental function, and, so far as its character is concerned, is as general as if it extended in operation over the whole of the state, the only distinction being the limit of the territory over which it operates.

It is contended, in the second place, that the statute is unconstitutional, because it is not sufficiently designated and embraced in the title to the act in which it is found.    The act is entitled "An act to amend the charter of the city of Covington."    The law has reference to the operation and efficiency of the city government, and is as appropriately under that title as if it were a provision authorizing taxation for municipal purposes, and prescribing a method for collection.    It is clearly not unconstitutional on this or on any other ground suggested.    (Phillips v. Covington and Cincinnati Bridge Company, 2 Met.)

The statute referred to reads as follows: "That all actions to recover from said city the amount of any taxes or assessments which have been or may be illegally or erroneously collected, shall be prosecuted within six months after the cause of action arose, and not afterwards; but this act shall not apply to causes of action now existing until the first day of February, 1875."

It is admitted on the allegations of the pleadings that the taxes were levied upon and collected for agricultural lands that were not subject to taxation for municipal purposes; that they were fraudulently assessed and levied by appellant, because appellant knew at the time that the lands were not subject to such assessment and levy, and that appellee did not discover that he was under no legal obligation to pay the same until within two months of the institution of this action.    It is contended for appellee that the statute of

.limitations did not begin to run until the discovery of the fact that the assessment, levy, and collection were without authority of law; but this is clearly not correct. If there was no authority to collect, the cause of action arose the instant the payment was made, and as the legislature had the undoubted right to fix any arbitrary time within which the action should be brought, without regard to when the discovery of the right of action was made, there can be no doubt, from the language employed, that it was intended that no action should be brought after six months from the date of payment, no matter when the discovery may have been made. (3 Littell, 177.)

The demurrer appears to have been sustained upon the ground that this statute was only applicable in cases where the property is within the taxing power, and there has been irregularity in the levy, assessment, or collection. This position appears clearly untenable. The words "illegally or erroneously collected" are broad enough, and were evidently intended to cover every case where the citizen has paid taxes which the city has no right to exact, no matter whether the property is within the taxing power, or whether the method pursued in collecting is unauthorized.

Judgment reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings.