CASE 111—EQUITY—JANUARY 18, 1883.

# Smith, guardian, &c., v. Warden.

### APPEAL FROM BALLARD COMMON PLEAS COURT.

1. By various special acts of the general assembly, appellee, late clerk of the Ballard circuit court, is given the right to distrain for his fees, or to collect them regardless of the lapse of time.

2. The general law provides that "the fees of all officers shall be distrainable on and after the 1st day of January next ensuing the rendition of the services, and whether an officer shall list the same or not, it shall retain its distrainable force for three years," &c., &c.

3. Such special enactments, disregarding the general law for the interest of a particular officer, and which deprives those with whom he transacts business of rights and remedies common to all, are unconstitutional.

H. W. SMITH FOR APPELLANTS.

1. An act which suspends the statutes of limitation in favor of a certain officer, leaving all other citizens of the state bound by them, is unconstitutional.

2. Such acts are violative of the first section of the bill of rights in the constitution.

3. The case of Trimble v. Vaughan, 6 Bush, 545, has no application to this case.

Smith, guardian, &c., v. Warden.

W. LINDSAY FOR APPELLEE.

By nine different special acts of the general assembly appellee is authorized to distrain for his fee-bills, as clerk of the Ballard circuit court, beyond the term provided for in the general law. I am unable to conceive of any constitutional provision, express or implied, prohibiting such legislation.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This controversy is between Reeves, as the administrator of Fonville, and A. J. Warden, formerly clerk of the Ballard circuit court, in regard to certain fee-bills alleged to be due the latter by the estate of Fonville for services rendered as clerk, &c. The fee-bills are presented and filed; some of them dated in 1863, and the last item charged in 1868.

The administrator pleaded the statute of limitations, and in avoidance of the plea it is alleged, and not denied, that the legislature, by various enactments passed in the years 1865–'6, 1867–'8, 1869–'70, 1871–'2, 1873–'4, 1876, and 1878, kept said fee-bills alive and in full force, so as the appellee might avail himself of the remedies and mode of recovery as provided in the General Statutes, chapter 41, title Fees.

The second section of article 19 of that chapter provides: "The fees of all officers shall be distrainable on and after the first of January next ensuing the rendition of the services, and whether an officer shall list the same or not, it shall retain its distrainable force for three years, and from the expiration of that period it shall only be collectable as other debts of like quality."

The fee-bills were not proven or presented until the 12th of August, 1879. Sixteen years had elapsed from the date of the first item charged, and eleven years from the date of

the last item, to the date at which the claims were presented in August, 1879.

After the expiration of the three years from the first of January ensuing the rendition of the services, the right to distrain terminated, and the clerk held the fee-bills as any other open account against the intestate for services rendered, and the statute of limitations must certainly apply unless the special enactments will prevent the running of the statute. It is urged that the further time given the appellee by these several acts in which to distrain and collect all due and uncollected fee-bills, saves the appellee from the operation of the statute and authorizes the recovery. It is certain that the exercise of this legislative power has been indulged in by nearly every legislature assembled in the state, and if the lapse of time could be relied on as a bar to the constitutional question raised, there would be but little difficulty in the case. It is not necessary that every enactment by the legislature should be general in its character, as it has often been held that privileges may be granted to individuals when the rights of other parties are in no manner affected by such legislation; but unequal and partial legislation, that disregards a general law for the advancement of the interest of a particular individual or officer, and that deprives those with whom the individual or officer deals or transacts business of rights or remedies common to all, is open to constitutional objection.

The rule laid down by Cooley is: "The legislature may suspend the operation of the general laws of the state, but when it does so the suspension must be general, and cannot be made for particular cases or for particular localities."

In the case of Holden v. James, 11 Mass., it was held that the statute of limitations cannot be suspended in particular cases while allowed to remain in force generally.

Smith, guardian, &c., v. Warden.

In the case before us the clerk of the county of Ballard is given the right by the many special enactments to distrain for his fees, or to collect them regardless of the lapse of time, while other like officers are controlled by the general law. The debtor to the clerk for these services living in the particular locality is not allowed to plead the statute, while all other citizens of the state, and not in the locality, may interpose the plea and prevent a recovery. The only reason for exempting the appellant from the operation of the general law is, that he may collect his fees, and to enable him to do so the legislature says to the debtor your creditor may collect these claims at any time within fifteen years, but for services rendered to you by the clerk of an adjoining county, his power to distrain terminates within three years from the time his fees become due, and having failed to distrain, he must enforce his claim in the same manner he would an open account against his debtor.

Such legislation is not only unjust but unreasonable, and while the claims or fees in this case may remain unsatisfied, an official with such special favors conferred upon him by legislative grant, if disposed to act in bad faith, would always be ready to present his fee-bills to the representative of the intestate without regard to the justice of his claim, or the payments made in the life-time of the decedent. "Every partial or private law which directly proposes to destroy or affect individual rights, or does the same thing by affording remedies leading to similar consequences, is unconstitutional and void." (2 Yerger, 554.)

This court in Trimble v. Vaughn, reported in 6th Bush, adjudged that the suspension of the statute of limitations in Wolfe and the neighboring counties was constitutional. In those counties the courts were closed, and all means of

redress denied the citizen by reason of the war then pend-
ing, and in such an emergency it might well be argued the
civil laws would be regarded as suspended without even leg-
islative authority.

By the act of 1826, the period between the 30th of
November, 1824, and the 1st of April, 1827, was excluded
from the computation to the limitation of writs of error.
(Morton's heirs v. Ridgway, 3 J. J. M.) There the law
was general in its character, and has no application here.
We have found no authority, and none has been cited, sus-
taining the constitutionality of such legislation.

Cooley says "a particular locality may require special
statutory regulations for the general benefit, &c. If the
laws be otherwise unobjectionable, all that can be required
in these cases is, that they be general in their application to
the class or community to which they apply, and they are
then public in character, and of their propriety and policy
the legislature must judge." (Cooley's Constitutional Lim-
itations, page 489, 4th ed.)

The act in regard to the appellant is not embraced by this
general rule. It applies alone to the individual officer, and
confers upon him the right to distrain and collect his fees,
when, under the general law applicable to such officers, all
others are denied this right. It might as well be said that
the accounts of a particular merchant, or of all the merchants
in Ballard county, should not be barred until the lapse of
fifteen years from the time they were created, notwithstand-
ing the general law on the subject. The condition of a
particular locality may, and often does, require special leg-
islation, and such discriminations are made by the legis-
latures of nearly every state; but it originates from the
necessities of the case, and the law is enacted for the gen-

·eral benefit, and not to advance individual interests without regard to the public welfare.

The several enactments being in violation of the constitution, there is nothing to prevent the appellant from relying on the statute of limitation as a defense to the claims.    The judgment is therefore reversed, and cause remanded for proceedings consistent with this opinion.