CASE 65—PETITION EQUITY—DECEMBER 17.

# City of Covington v. Hoadley, &c.

·APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS — SPECIAL LIMITATION LAW. — A pro- vision in the charter of a city that all actions to recover from · the city money improperly collected as taxes shall be brought within six months, while the general law provides a limitation of five years as to actions of that character, is not unconstitutional because it grants a special privilege. Legislation as to municipal corpora- tions in their public character rests upon peculiar grounds, owing to the fact that they are agencies of the government.

2. PLEADING PRIVATE STATUTES.—Such statutes being public statutes. of local application, it is not necessary to plead them as private statutes are required by the Code to be pleaded.

3. PLEADING LIMITATION. — In this action to recover of appellant money improperly collected as taxes, the averment of the defendant

City of Covington v. Hoadley, &c.

that it did not, within six months before the bringing of the action, receive the payments alleged, with the statement that " it pleads and relies upon the statute of limitations in such cases made and provided," is a sufficient plea of the statute of six months.

T. F. HALLAM for appellant.
  Brief not in record.

WM. GOEBEL for appellees.

1. The language of the limitation plea is general. It is, therefore, only a plea of the general limitation law of five years. (Bell v. Norris, 79 Ky., 48; Howell v. Rogers, 47 Cal., 291.)

2. The special limitation law is invalid because it violates the constitutional rule of equality, and invades private rights. (Const. of Kentucky, article 13, section 1; Commonwealth v. Whipps, 80 Ky., 277; Smith v. Warden, 80 Ky., 610; Kentucky Trust Co. v. Lewis, 6 Ky. Law Rep., 547; Gordon v. Winchester Building Association, 12 Bush, 110; Cooley's Const. Limit., 5th ed., pages 344–5 and 484–5. Cited in petition for rehearing: Town of Virden v. Needles, 98 Ill., 367; Hubbard v. Brainerd, 35 Conn., 563; Cooley's Principles of Const. Law, page 327.)

3. Special privileges cannot be conferred upon municipal corporations in their *private* character. (Dillon on Municipal Corporations, 3d ed., sections 66, 67, 460; Louisville v. Commonwealth, 1 Duvall, 297; Memphis v. Fisher, 9 Baxter, 239; Durkee v. Janesville, 28 Wis., 464.)

4. The cases of O'Bannon v. L., C. & L. R. R. Co., 8 Bush, 348, and City of Covington v. Voskotter, 80 Ky., 219, distinguished from this case.

JUDGE HOLT delivered the opinion of the court.

This action is to recover back municipal taxes paid under a mistake of law and fact, and in ignorance of their rights by the appellees, Hoadley and Bates, to the appellant, the city of Covington, upon agricultural lands, not used for city purposes, or receiving any of the benefits of city government. The appellant, upon the trial below, withdrew all matter of defense, save that contained in the second paragraph of its answer, which reads thus:

For a second defense this defendant says that it

did not, within *six months* next before the bringing
of this action, receive from the plaintiffs, or either
of them, the payments by them in their petition
alleged to have been made, or any or either of the
said payments or any part thereof, and it pleads
and relies upon the statute of limitation in *such*
cases made and provided."

By section 4 of an act to amend the city charter
of Covington, approved February 17, 1874, it is pro-
vided:

"That all actions to recover from said city the
amount of any taxes or assessments which have
been or may be illegally or erroneously collected,
shall be prosecuted within six months after the
cause of action arose, and not afterwards; but this
act shall not apply to causes of action now existing
until the first day of February, 1875."

It is admitted that none of the money sued for
was paid within the six months next prior to the
bringing of the action; and it is urged, first, that
the limitation provided by said act is not sufficiently
pleaded; and second, that if so, it is a grant of
special privilege to the city, not in consideration of
any public service, and in violation of the general
law, and one not accorded to other corporations and
persons, and is, therefore, void.

Section 119 of our Civil Code requires a private
statute to be specially pleaded by giving its title
and the date when it became a law; but the act
*supra* is a public one of local application. The
action is for taxes improperly collected. The answer
expressly says, that they were not received within

*six months* next prior to the bringing of the suit, and relies "upon the statute of limitation in *such* cases made and provided." By the general law of this State the limitation of an action for mistake, or upon an implied contract, is five years; but the wording of the pleading in this instance unmistakably shows that it did not relate to it, and it is clear that the appellees understood from it that the appellant was relying upon the six months' act, because they endeavored to avoid it by filing a reply, in which they allege that they did not know or discover their rights until within six months next before the bringing of the action.

In the case of the city of Covington v. Voskotter, 80 Ky. Rep., 219, the pleading, relying upon this same statute, was, in substance, similar to the one now under consideration—in fact, in nearly the same language—and it was sustained.

The remaining question is not free from difficulty. It has been said that "no man who is not a lawyer would ever know how to act, and no man who is a lawyer would, in many instances, know how to advise, unless courts were bound by authorities firmly as pagan deities were supposed to be bound by the decrees of fate." While we do not admit the parity of the illustration, because precedent, which is exclusive of right, should not be followed, yet, in this instance, after diligent search, the way seems to have been but slightly blazed.

The cases of O'Bannon v. L., C. & L. R. R. Co., 8 Bush, 348, and Mortimer v. L. & N. R. R. Co., 10 Bush, 485, were brought under statutes extending

the common law liability, or creating a new right, and it and the method and time for its assertion were declared by the same statute. In the City of Covington v. Voskotter, *supra*, it was urged that the act now in question was unconstitutional, but upon the ground that it was in violation of the constitutional provision, which requires that an act of the Legislature shall relate to but one subject, which shall be expressed in the title, and not because it was unequal and partial legislation.

It is proper, however, to suppose that the court then viewed the act from all points, and although the opinion does not discuss the objection to it now urged, yet, as it held it to be constitutional, we can not consider, therefore, that there is an entire absence of authority upon the question.

Unquestionably, the law should aim at equal rights and privileges. The genius of our government and institutions requires it. Special privileges are obnoxious, and class legislation can not be tolerated. The rights of every person must depend upon the law that governs every other member of the body-politic under like circumstances.

It has, therefore, been held by this court that an act extending the time for an officer to distrain for his fee bills beyond that allowed by the general law, gives him a *special* privilege, and is, therefore, unconstitutional. (Smith, Guardian, &c., v. Warden, 80 Ky., 608.) Also, that an act giving to a corporation the right to sell, *without the intervention of a court*, land mortgaged or conveyed to it in trust, when the general law did not permit it, was class or

partial legislation, and, therefore, void. (Ky. Trust Co. v. Lewis, 82 Ky. Rep., 579.)

But the opinions in these cases must be regarded as speaking of *private* and not *public* statutes. Legislation as to public or municipal corporations rests upon peculiar grounds, owing to the fact that, unlike private corporations, they are agencies of the government.

The city of Covington, within its boundary, governs for the State, and the latter administers the law through the municipality. Its action is the exercise of sovereignty or governmental power. Its character is public, it performs public duties, and it can only be regarded as having a private character in a modified sense.

A statute like the one we are now considering, relating to the exercise of its governmental power, is a public one of local application. It is as general in its operation as if it related to the entire State, the only distinction being that it is limited in territory. Mr. Cooley, in his work on Constitutional Limitations, page 482, says:

"Laws, public in their objects, may, unless express constitutional provision forbids, be either general or local in their application.  *  *  *  *  *  The Legislature may, therefore, prescribe or authorize different laws of police, allow the right of eminent domain to be exercised in different cases, and through different agencies, and prescribe peculiar restrictions upon taxation in each distinct municipality, provided the State Constitution does not forbid.  *  *  *  *  *  If the laws be other-

vol. 83.—29

wise unobjectionable, all that can be required in these cases is, that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the Legislature must judge.''

It is urged, however, that as to claims against it for taxes improperly assessed or collected, the municipality can only be regarded as a *private* corporation; and has, therefore, only the rights of a private person. It is sustained by the exercise of the sovereign power of taxation. All of its acts relating to taxes, whether performed in their collection or in controlling and disposing of them after collection, are based upon its governmental function. All are equally important to the general municipal public, and vital to the existence of the municipality. Whether it be a question as to the exercise of the taxing power or of relief against its abuse, the governmental prerogative is involved; and as to it the Legislature may provide as it sees proper, provided the law be public in its character, and general in its application to the locality. If it relates to the exercise of a governmental power, whether by way of use or abuse, it can not be regarded as a private statute, but must be treated as relating to the municipality in its public character.

It is the rule in this country, rather than the exception, to provide municipalities with a limitation law different from that provided by the general law. The reason is obvious. The municipal officers and agents are changed often; and that which can be easily ascertained to-day by reason of their presence

and assistance may be difficult or impossible of ascertainment a year hence. Moreover, public policy dictates that the question, whether taxes have been properly assessed or collected should, owing to constant governmental needs and uses, not be left open save for a reasonable time.

It is not necessary to decide how general in its character a special law of limitation in behalf of a municipality may be. The one in question does not relate to property or rights it may own or possess in a private character, and which are not exercised or used strictly for governmental purposes, but to the sovereign power of taxation, and must, therefore, be sustained.

Judgment reversed, with directions to dismiss the petition.