# Reed v. Commonwealth.

(Decided September 28, 1916.)

## Appeal from Morgan Circuit Court.

Evidence—Judicial Notice—Proof of Special Acts Not Necessary. —On the trial of an indictment for selling liquor in violation of law in a county where the sale of liquor is prohibited by a special act, it is not necessary for the Commonwealth to prove the existence of the special act, or for the court to instruct the jury thereon, as under section 1624 of the Kentucky Statutes the courts

will take notice of all acts and resolutions of the General Assembly. It is only necessary for the Commonwealth to show a sale in the prohibited territory.

GARDNER & REDWINE and W. L. HAMMOND for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Under an indictment charging him with the offense of unlawfully selling spirituous and vinous liquors in Morgan county, Kentucky, "where the sale of intoxicating liquors has been prohibited by special prohibition laws and the said laws were in full force and effect at the time of the said sale in the said county," the appellant was convicted.

On the trial of the case the evidence for the Commonwealth showed that one L. T. Minix, in August, 1914, purchased from the appellant, in Morgan county, three gallons of whiskey, for which he paid him the purchase price. On this evidence the trial court instructed the jury that if they believed from the evidence beyond a reasonable doubt that in Morgan county, within twelve months before the finding of the indictment, Reed sold liquor to Minix in quantities of less than five gallons, they should find him guilty and fix his punishment at a fine of not more than one hundred dollars and by imprisonment in the county jail for not more than forty nor less than ten days. Under the evidence and instructions the jury found the appellant guilty, fixing his punishment at a fine of one hundred dollars and imprisonment in the county jail for forty days, and he appeals.

The ground urged for reversal is that the Commonwealth failed to show by any evidence that there was at the time of the sale any special law in force in Morgan county prohibiting therein the sale of liquor, and this being so the court should have directed the jury to find the appellant not guilty.

There was no evidence that there was any law in force in Morgan county at the time of the sale prohibiting the sale of liquor therein, and if it was essential to a conviction that evidence of this nature should have been introduced, the motion for a peremptory instruction to acquit the appellant should have been sustained.

It is provided in section 1624 of the Kentucky Statutes that, "The several courts of this Commonwealth shall take judicial notice of all acts and resolutions of the General Assembly;" and it has been held in Crigler v. Com., 120 Ky. 512; Ball v. Com., 30 Ky. L. R. 600; Combs v. Com., 31 Ky. L. R. 822, and many other cases that, in prosecutions for violation of the liquor law in counties in which the sale of liquor has been prohibited by special acts passed before the adoption of the present Constitution, these special acts are yet in force, and that it is not necessary in such prosecutions to prove the existence of the act. The courts under the section of the statutes quoted will take judicial notice of its existence.

By an act passed at the session of the General Assembly held in 1889-90 the sale of intoxicating liquors in Morgan county was prohibited and this act is yet in force in that county. It was not necessary that the indictment should charge, or the evidence show, or the instructions advise the jury that the sale of liquor was prohibited in Morgan county. The only essential thing for the Commonwealth to show by the evidence was the sale as charged in the indictment, and this it did.

Wherefore, the judgment is affirmed.