## Reece Riley v. Commonwealth.

## Hunter Riley v. Same.

## Same v. Same.

(Decided April 13, 1917.)

## Appeals from Cumberland Circuit Court.

1. Intoxicating Liquors—Indictment and Information.—An indictment which in the accusatory clause charged the defendant with unlawfully selling intoxicating liquor in local option territory, and in the charging clause accused him of unlawfully selling intoxicating liquor under the "two-mile prohibitory Act of 1884" applicable to Cumberland county, did not violate section 125 of the Criminal Code of Practice by charging more than one offense.

2. Intoxicating Liquors—Sufficiency of Indictment.—An indictment which in the accusatory clause charged the defendant with unlawfully selling intoxicating liquor in local option territory, and in the charging clause accused him of unlawfully selling intoxicating liquor under the "two-mile prohibitory Act of 1884" applicable to Cumberland county, was sufficiently specific to put the defendant on notice of what offense he was to be tried.

3. Statutes—Extent to Which Applicable.—It is not essential, in order to constitute a statute a public act, that it be applicable to all parts of the state; it is sufficient if it extend to all persons doing, or omitting to do an act within the territorial limits described therein.

4. Intoxicating Liquors—Statutes—Pleading.—The two-mile Act of 1884 (Acts 1883-4, vol. 1, p. 292), prohibiting the sale of intoxicating liquor in Cumberland county, is not a private statute which, under subsection 2 of section 119 of the Civil Code of Practice, must be pleaded by stating the title and the day on which it became a law.

SHEARMAN SPEARS and W. TANNER OTTLEY for appellants.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION. OF THE COURT BY JUDGE MILLER—Affirming.

In these three cases, one against Reece Riley, and two against Hunter Riley, the defendants were found guilty of violating the local option law, in Cumberland county. The validity of the several indictments is the only question upon which reversals are asked.

The indictments are identical in form; they differ only in charging separate offenses. The indictment against Reece Riley, which we will take as a basis in considering the cases, reads as follows:

"The Grand Jury of Cumberland County in the name and by the authority of the Commonwealth of Kentucky, accuse Reece Riley of the offense of unlawfully retailing vinous and malt liquors in violation of the local option law, committed as follows, to-wit:

"The said Riley in the county and Commonwealth aforesaid, on the ............ day of June, 1916, and within twelve months before the finding of the indictment did unlawfully, retail spirituous, vinous and malt liquors to Geo. Key within two miles of the Guthrie's Chapel Church House, and in violation of the local option law then and there in force, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky. This is a continuation of indictment No. 1029 which was returned by the Grand Jury of this the Cumberland Circuit Court at its July term, 1916, and which was stolen since said time."

It is contended that the indictment is defective: (1) Because it charges two separate and distinct offenses; (2) because it fails to state in the accusatory part the offense with which the appellant was charged, with sufficient precision to put him on notice of what offense he was to be tried; and, (3) because the act of the General Assembly, approved February 18, 1884, prohibiting the sale of liquor within two miles of a church in Cumberland county, and under which the appellant was tried and convicted is a private statute and should have been pleaded by stating its title and the day' on which it became a law, as is required by subsection 2 of section 119 of the Civil Code.

1. It will be noticed that the accusatory part of the indictment designates the offense charged as that of unlawfully retailing spirituous, vinous and malt liquors in

violation of the local option law; while the charging clause accuses Riley of having unlawfully retailed spirituous, vinous and malt liquors to George Key within two miles of the Guthrie's Chapel Church House, in violation of the local option law, then and there in force. Appellant's contention is that the accusatory part of the indictment is based on section 2557 of the Kentucky Statutes, which is the general local option law of the state while the charging part of the indictment alleges a violation of the act of 1884, which is applicable to Cumberland county, only.

The act of 1884, above referred to, is entitled, "An act to prohibit the sale of liquors within two miles of any house used by a congregation or denomination in which people assemble to worship God, or any school house or any institution of learning, in Cumberland county." Acts 1883-4, Vol. 1, p. 292.

It is clear that the indictment charged the appellant with a violation of the act of 1884; there can be little or no doubt upon that question. And, the accusatory part of the indictment which recited the fact that the grand jury indicted appellant for violating the local option law, only referred to the two mile local option law then in force in Cumberland county, and subsequently specified in the indictment. The charging part of the indictment is specific upon that point.

It cannot, therefore, be said that the indictment violated section 125 of the Criminal Code of Practice, by charging more than one offense. While the indictment might have been more specific, it sufficiently apprised the appellant of the nature of the offense he would be called upon to answer; and, when that purpose was accomplished, it cannot be said that the indictment is bad. Adams Express Co. v. Commonwealth, 174 Ky. 301.

2. Counsel for appellant designates the general local option law found in section 2557 of the Kentucky Statutes, as the "local option law," and distinguishes the act of 1884 by designating it as the "local prohibitory statute;" and he contends that since appellant is charged with the violation of the local option law in the accusatory part of the indictment, and with a violation of the local prohibitory statute in the charging part of the indictment, he could not know with which offense he was charged.

This, however, is only a repetition of the first objection, in a different form. The indictment throughout speaks of a violation of the local option law; and, as above stated, the two mile local option law of Cumberland county was therein specified, as the law that appellant had violated.

In Reed v. Commonwealth, 171 Ky. 225, we held that the court would take judicial notice of the existence of the special prohibitory acts of the General Assembly; that it was unnecessary for such acts to be proved upon the trial; and, that it was only necessary for the Commonwealth to show a sale of the liquor in the prohibited territory. The act of 1884 is still in force in Cumberland county. Section 61 of the Constitution of 1891, which authorizes the General Assembly to pass a general law for taking the sense of the people upon the local option question did not repeal local laws then in force prohibiting the sale of liquor; but. all such laws were modified by the general local option law, only as to procedure, the amount of liquor permitted to be sold, and the penalty for selling. Thompson v. Commonwealth, 103 Ky. 685; Book v. Commonwealth, 107 Ky. 605; Farris v. Commonwealth, 111 Ky. 236; Call v. Commonwealth, 30 Ky. L. R. 600, 99 S. W. 326; Combs v. Commonwealth, 31 Ky. L. R. 822, 104 S. W. 270. To this extent, therefore, the special prohibitory act of 1884 has become and is a part and parcel of the general system of the local option laws of this state.

So, when the indictment in the accusatory clause recited that appellant had violated the local option law, and subsequently in the charging clause defined the local option law violated as being the two mile statute then in force in Cumberland county, it charged the appellant with an offense which he could not reasonably have misunderstood. DeBoe v. Commonwealth, 146 Ky. 696.

3. Subsection 2 of section 119 of the Civil Code of Practice reads as follows:

"In pleading a private statute, it shall be sufficient to refer to it by stating its title and the day on which it became a law."

In pointing out the difference between public and private statutes, Blackstone says:

"Statutes are either general or special, public or private. A general or public act is an universal rule, that regards the whole community; and of this the courts

of law are bound to take notice judicially and *ex officio;* without the statute being particularly pleaded, or formally set forth by the party who claims an advantage under it. Special or private acts are rather exceptions than rules, being those which only operate upon particular persons, and private concerns; such as the Romans entitled *senatus-decreta,* in contradistinction to the *senatus consulta,* which regarded the whole community; and of these (which are not promulgated with the same notoriety as the former), the judges are not bound to take notice, unless they be formally shewn and pleaded. Thus, to show the distinction, the statute 13 Eliz., c. 10, to prevent spiritual persons from making leases for longer terms than twenty-one years, or three lives, is a public act; it being a rule prescribed to the whole body of spiritual persons in the nation; but an act to enable the Bishop of Chester to make a lease to A. B. for sixty years is an exception to this rule; it concerns only the parties and the bishop's successors; and is, therefore, a private act." 1 Comm. 85.

Without going into an extended discussion of what constitutes a private as distinguished from a public statute, it is sufficient for the purpose of showing that the act of 1884 is a public and not a private statute, to refer to Reed v. Commonwealth, 171 Ky. 226, where a conviction under an indictment substantially like the one before us, was sustained.

In that case Reed was charged with having sold liquor in Morgan County, Ky., "where the sale of intoxicating liquor has been prohibited by special prohibitive laws, and the said laws were in full force and effect at the time of the said sale in the said county."

Here, Riley is charged with selling intoxicating liquor in Cumberland county "within two miles of the Guthrie's Chapel Church House, in violation of the local option law, then and there in force."

In neither case did the indictment follow section 119 of the code, *supra,* by giving the title of the statute or the day on which it became a law; and, if the indictment in the Reed case was sufficient, it is equally so in the case at bar.

In the City of Covington v. Voskotter, 80 Ky. 221, it was contended that an act amending the charter of the City of Covington was a private statute, and relied upon in that case, was insufficiently pleaded because it was

not referred to by its title and by a designation of the day on which it became a law, as is required by section 119 of the code.

But, in overruling that contention, the court said:.

"It is not a private statute within the meaning of the code, but a public statute of local application. It has reference to the regulation in exercise of a high prerogative governmental function, and, so far as its character is concerned, is as general as if it extended in operation over the whole of the state, the only distinction being the limit of the territory over which it operates."

City of Covington v. Hoadley, 83 Ky. 444; Board of Education v. L. H. & St. L. R. R. Co., 110 Ky. 932; Town of Central Covington v. Weighans, 19 Ky. L. R. 1976, 44 S. W. 985, are to the same effect.

In the note to Cooley's Blackstone, Vol. 1, p. 86, it is said:

"It is not essential in order to constitute a statute a public act, that it be applicable to all parts of the state. It is sufficient if it extend to all persons doing or omitting to do an act within the territorial limits described therein. Pierce v. Kimball, 9 Greenl. 54."

From these authorities it follows that the act of 1884 was a public and not a private statute, and the indictment was sufficient.

Judgment affirmed in each case.