## Jackson, et al. v. Commonwealth.

(Decided April 20, 1920.)

### Appeal from Fulton Circuit Court.

1   Larceny—Goods in Possession of Carriers.—Appellants having been indicted for feloniously taking, carrying away and appropriating to their own use personal property in the possession of a common carrier, an offense denounced by Kentucky Statutes, section 1201b, and the proof being that the property was not in possession of the common carrier, but in the custody of the owner thereof, the court should have peremptorily instructed the jury to acquit them

2.   Larceny—Goods in Possession of Carrier—Trial—Instructions.— —Having been indicted for the offense denounced by Kentucky Statutes, section 1201b, appellants could not, on a trial for that offense, properly be convicted of the offense of larceny; and an instruction authorizing the jury to find the appellants guilty of grand or petty larceny, according to the value of the property taken, constitutes reversible error.

3.   Indictment and Information—Larceny of Goods in Possession of Carrier.—An indictment under Kentucky Statutes, section 1201b,

need not state the name of the owner of the property feloniously taken from the common carrier, but must state the name or title of the carrier from whose possession the property was taken.

ED THOMAS for appellants.

D. McNEIL, NEN S. ADAMS and CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellants, H. K. Jackson, Robert Bills and Lennie Long, negroes, together with E. B. Winford, a white man, were jointly indicted in the Fulton circuit court for feloniously carrying away and converting to their own use property in the possession of a common carrier, an offense denounced by Kentucky Statutes, section 1201b. Binford was accorded a separate trial and acquitted by the verdict of the jury. Thereafter the appellants were tried together, resulting in a verdict from the jury finding Jackson and Bills guilty of grand larceny and fixing their punishment at confinement in the penitentiary for a term of one year each; Lennie Long guilty of petty larceny and fixing his punishment at confinement in jail thirty days. Appellants filed in the court below a joint and several motion and grounds for a new trial, but the motion was overruled as to each; to obtain a review of which ruling and others made by the court during the progress of the trial, they prosecute this appeal. The statute under which the indictment was found is as follows:

"That any person who shall open any box, barrel or other package containing personal property of any kind while in the possession of a common carrier for transportation or delivery, for the purpose of appropriating the contents thereof to his own use, or to the use of another, or who shall appropriate to his own use, or to the use of another, any property in the possession of a common carrier for transportation or delivery, shall be guilty of a felony, and shall be punished by confinement in the penitentiary for not less than one nor more than five years."

Appellants assign as error the overruling by the trial court of the demurrer filed by them to the indictment; it being their contention that it charged two distinct and unrelated offenses, viz.: One the offense denounced by the statute, supra, and the other that of grand larceny, for

which reason, it is insisted, the demurrer thereto should have been sustained and the Commonwealth required to elect which of the two offenses it would try appellants for. The fundamental error in this contention lies in its assumption that there are two offenses charged in the indictment, when, in fact, it charges but one, which is the offensed denounced by the statute, *supra*. The indictment contains two counts, the first of which charges Binford and these three appellants as principals with the commission of the crime therein defined, viz.: "The taking, carrying and appropriating to their own use property in the possession of a common carrier." That is that they "did unlawfully wilfully, feloniously and with force and arms take, steal and carry away one suit case and other personal property (i. e. contents of the suit case) the name of which is unknown to this grand jury; and said property was of value and in the possession of a common carrier, to-wit: on a passenger train of the Illinois Central Railroad Company number 133, and said property was in the custody of the carrier for transportation and delivery, and the same was stolen with the fraudulent and felonious intent to convert same to their own use, and to deprive Lonnie Scruggs, the owner, and the common carrier, Illinois Central Railroad Company, permanently thereof."

In the second count of the indictment it is charged in language substantially the same as that employed in the first count in setting forth the acts constituting the crime that Binford and the appellant, Bills, were the principals in its commission and the appellants, Jackson and Long, accomplices. It is patent, however, that the indictment charges but a single offense, and although it is awkwardly worded and some of its verbiage might well have been omitted, its allegations follow the terms of section 1201b, Kentucky Statutes, with such accuracy as to show that the offense charged is the one denounced by that section.

It is a well known rule of criminal pleading that neither the inaptness of the language employed, ungrammatical construction of its sentences nor failure to give orderly arrangement to its allegations will vitiate the indictment, if as a whole it so describes the offense charged by stating the acts constituting it in such ordinary concise language and manner, as to be understood by a person of ordinary understanding, and with such

certainty as will enable the trial court to pronounce judg-ment, in the event of conviction, according to the right of the case. Furthermore, if the offense is one created by statute and is by its terms completely defined, it is the safer plan for the indictment to follow the language of the statute in describing it. Criminal Code, section 122, subsections 1 and 2; Thomas v. Comlth., 175 Ky. 36; Smith v. Comlth., 141 Ky. 634. Tested by the foregoing rule, the indictment here complained of is not open to the objections made to it by the appellants. Nor did the absence from the indictment of the name of the Common-wealth's attorney render it demurrable or give cause for its dismissal. On the contrary we have held that the failure of that officer to attach his name to the indictment does not affect its validity. Brown v. Comlth., 135 Ky. 635. It follows from what has been said that the action of the trial court in overruling appellants' demurrer to the indictment was not error.

Appellants complaint of the instructions given by the trial court and its refusal of the one asked by them, pre-sents a more serious question. The court was evidently of the opinion that the evidence failed to prove appel-lants' guilt of the crime defined by section 1201b, Ken-tucky Statutes, but that it conduced to prove them guilty of grand or petty larceny, and that the indictment was equally good as an indictment for grand larcency, there-fore the evidence authorized the submission of the case to the jury to determine appellants' guilt or innocence of one or the other of the latter offenses, hence the in-structions that were given the jury ignored the offense actually charged in the indictment and submitted to them the question of appellants' guilt or innocence of the larceny, fully advising them of the law regarding both grand and petty larceny. It is not material that the acts alleged in the indictment as constituting the crime charged would also constitute the crime of larceny, grand or petty, according to the value of the property taken. If the evidence failed to show that the suit case and con-tents alleged to have been taken and converted by the ap-pellants were in the possession of the common carrier for transportation or delivery, they should not have been convicted either of the offense charged in the in-dictment, or grand or petty larceny.

The evidence is that the suit case and its contents, consisting of a pair of pants, a pair of shoes, two shirts

and eight pints of whiskey, were in the possession of the owner, Lonnie Scruggs, who was a passenger on a train of the Illinois Central Railroad Company, which stopped at Hickman. Scruggs was going to his home in Tennessee and was in possession of his suit case, which was carried by him as personal baggage and therefore in his custody. Upon arriving at Hickman he temporarily left it in the seat he had been occupying and went in another car to talk with a lady of his acquaintance, intending to return to his car and suit case in a few minutes, which he in fact did. While absent from his car and seat, Binford took the suit case, passed it out of a window to Bills, whom he directed to take it to the house of the appellant, Jackson, and there await his coming. Immediately thereafter Binford and the appellants, Bills, Jackson, and Long, the last two of whom were present when Binford took the suit case and handed it to Bills and were evidently keeping a watch to see that he was not interfered with, met at the home of Jackson and divided between them the eight pints of whiskey in the suit case.

It is apparent from the foregoing facts that the suit case and contents were never in the possession of the carrier but remained in the possession of the owner and were taken from his custody. There was therefore such a variance between the allegations of the indictment and the evidence as made the giving of the instructions complained of improper, and entitled the appellants to the peremptory instruction directing a verdict of acquittal, asked by them at the conclusion of the evidence. In Williams v. Comlth., 152 Ky. 610, we had before us the question of the sufficiency of an indictment under the statute herein involved, and therein held that it was not necessary that the name of the owner of the property taken from the common carrier be stated in the indictment; and, also, that the refusal by the trial court of an instruction as to larceny was not error as "it is sufficient under the statute that the property feloniously taken from the common carrier and appropriated be of any value, the extent or amount of such value being wholly immaterial."

As the evidence showed a felonious taking of the property in question from the owner by appellants and Binford, it is unfortunate that they were not indicted for grand larceny, but their conviction was unauthorized under the indictment returned against them.

For the reasons indicated the judgment is reversed and cause remanded for a new trial and such further proceedings as will accord with the opinion.