a motion, by defendant, respondent, for judgment upon the pleadings, and for a dismissal as to it of the amended and supplemental complaint, by striking from such order permission to plaintiff to serve an amended complaint. The action was for specific performance of an alleged written agreement to convey real property and involved the interpretation of a letter written by the defendant Guardian Holding Company, Inc., in which it was alleged the latter gave the plaintiff an " option to purchase the premises situate at 471–3 Fifth Ave. and 4–6 East 41st Street, New York City, for a period of sixty days," for the consideration of $1,200,000. The question was whether the option was so complete as to its terms and conditions as to constitute, if accepted within the time provided, an enforcible agreement. Also motion for re-argument of motion to dismiss appeal. (See 234 N. Y. 533.)

*Joseph J. Corn, Louis Franklin Lee* and *Bernard H. King* for appellant.

*Louis Salant* and *Joseph J. Cunningham* for respondent.

Judgment affirmed, with costs. Motion for re-argument of motion to dismiss appeal from judgment in favor of Guardian Holding Company, Inc., denied, without costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZABETH K. DE LANEY, Respondent, *v.* MOUNT ST. JOSEPH'S ACADEMY OF BUFFALO, Appellant.

*Domestic relations — husband and wife — parent and child — right of husband, not separated from wife, to remove children from home and place them in boarding school without consent of wife — children remanded, on habeas corpus, to joint control of parents.*

*People ex rel. De Laney v. Mt. St. Joseph's Academy* 198 App. Div. 75, 280, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 19, 1921, which unanimously

affirmed an order of Special Term remanding upon habeas corpus children of the relator to the joint custody of their parents. The relator's husband, with whom she was living, without her consent, placed their three children, aged nine years, in the care of the defendant, a boarding school or academy. The question involved was as to the right of a father not separated from his wife but living in a home with her to send his children away from the home against her consent.

*James O. Moore* for appellant.

*William S. Stearns* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH JAWORSKI, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL from a judgment of the Supreme Court, rendered December 9, 1921, at a Trial Term for the county of Chautauqua, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Warner S. Rexford* for appellant.

*William S. Stearns, District Attorney,* for respondent.

Judgment of conviction affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEORGE N. OSTRANDER et al., Respondents, *v.* FRANK L. BELL et al., Respondents, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

*Real property — title — state — validity of title to real property under comptroller's deeds.*

*Ostrander v. Bell,* 199 App. Div. 304, affirmed.

(Argued October 10, 1922; decided October 27, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial