In the Matter of the Claim of SARAH KAPLAN, Appellant, against KAPLAN KNITTING MILLS, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 23, 1927.

**Workmen's compensation — notice of claim — notice not filed in time as to widow — notice filed in time as to infant.**

The notice of claim filed by the widow of the deceased employee was not filed within one year from his death and, therefore, was not filed in time.

The notice of claim on behalf of the infant son which was filed on March 7, 1924, was filed in time since it appears that a general guardian was not appointed until September 7, 1923. The time began to run against the infant when the general guardian was appointed. The notice of election to sue, with claim for deficiency compensation, contains all the requirements of a notice of claim.

APPEAL by the claimant, Sarah Kaplan, from an award of the State Industrial Board made on the 11th day of October, 1926.

*Samuel Weiss,* for the appellant.

*James J. Mahoney* [*George J. Stacy* of counsel], for the respondents.

PER CURIAM. Samuel Kaplan died February 24, 1923, as the result of injuries which he received that day in an elevator, while he was helping to move a machine of the Kaplan Knitting Mills, Inc., of which he was the treasurer.

An award was refused because notice of claim was not filed within the period of one year from his death. As to the widow, the decision must be affirmed. But the infant son did not have a general guardian until September 7, 1923, so that the time did not commence to run against him until that date. (Workmen's Compensation Law, § 115, as amd. by Laws of 1922, chap. 615; *Chase* v. *Ulster & Delaware R. R. Co.,* 215 App. Div. 581.) Further, notice of election to sue, with a claim for deficiency compensation, dated February 24, 1924, appears to have been filed March 7, 1924. That notice contains all of the requirements of a notice of claim and was filed within one year from the date of the appointment of the guardian, so that it was in time and the decision of the Industrial Board in the infant's case should be reversed and his claim should be remitted for hearing.

COCHRANE, P. J., VAN KIRK, HINMAN, MCCANN and WHITMYER, JJ., concur.

Decision affirmed as to the mother, and decision reversed and claim remitted to the State Industrial Board as to the infant.