In the Matter of the Claim of ORSEN DECKER, Respondent, against POUVAILSMITH CORPORATION and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 20, 1929.

*Harry E. Wareham,* for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

DAVIS, J. The claimant, then less than fifteen years of age, was injured on August 5, 1919, while in the employ of the Pouvail-smith Corporation at Poughkeepsie. Notice of injury was promptly given in his behalf. No formal claim for compensation was made or presented within the year following the injury. Instead a guardian *ad litem* was appointed who brought an action for the infant to recover damages on the theory that there was an actionable breach of statutory duty under the provisions of section 93 (now section 146) of the Labor Law.

In the state of the law at that time as determined by the Appellate Division, Second Department (in which Department the accident occurred), such an action could be maintained. (*Wolff* v. *Fulton Bag & Cotton Mills,* 185 App. Div. 436. See, also, *Karpeles* v. *Heine,* 227 N. Y. 74.) In this Department the rule was different. (*Kenny* v. *Union R. Co.,* 166 App. Div. 497; *Ide* v. *Faul & Timmins,* 179 id. 567; *Boyle* v. *Cheney Piano Action Co.,* 193 id. 408.) The conflict of authority was settled by the Court of Appeals in *Noreen* v. *Vogel & Bros., Inc.* (231 N. Y. 317), which held that the Workmen's Compensation Law barred any other remedy. In the meantime the plaintiff had recovered a judgment in his action, which was thereafter reversed (207 App. Div. 853) on the authority of the *Noreen Case* (*supra*).

Within a year after the reversal the father of the infant presented a formal claim. This was nearly five years after the injury occurred. He signed the claim as " guardian at law." No general guardian had ever been appointed. It is not important how the claim is signed if it is " in his [the infant's] behalf." (Workmen's Compensation Law, § 18.)

The only question here is whether the claim is barred because not presented within one year. (Workmen's Compensation Law, § 28.) It is barred unless it is saved by the provisions of section 115 (formerly section 116), that the statute should not run as against a minor who has no guardian. There has been confusion as to what was intended by the statute. Was the guardian therein referred to a natural guardian or one duly appointed? It was first held that a natural guardian only was contemplated. (*Grillo* v.

*Sherman-Stalter Co.*, 195 App. Div. 362; affd., 231 N. Y. 621.) The doctrine stated in the opinion in that case was later questioned. (*Chase* v. *Ulster & Delaware R. R. Co.*, 215 App. Div. 581.) In neither case was the precise question determined that is now presented.

There are of course natural guardians of children who have their custody and control, and perhaps in an informal way a certain supervision and control over small items of personal property. (Dom. Rel. Law, § 81.) Until a testamentary or other guardian is appointed, the common-law duties of a guardian in socage as to real property are preserved. (Id. § 80.) But where an infant acquires property it is only a duly appointed guardian by will or deed of the parent (Id. §§ 81, 82) or by a court (Code Civ. Proc. § 474; Rules Civ. Prac. rule 41; Surr. Court Act, §§ 40, 172–194) who is legally charged with the control and management of the property. We think that natural guardianship is largely limited to the custody of the person of the infant (*Chase* v. *Ulster & Delaware R. R. Co.*, *supra; People ex rel. DeLaney* v. *Mt. St. Joseph's Academy*, 198 App. Div. 75; affd., 234 N. Y. 565); and does not include the right to manage large property interests suddenly acquired either by inheritance or by the operation of a statute in conferring property rights on him.

To be sure the natural guardian or any one else may make a claim for compensation " in his behalf " after he has sustained an industrial accident. (Workmen's Compensation Law, § 18.) That is sufficient to permit the Board to act. But no one is definitely charged with that duty until a guardian has been appointed. We, therefore, hold, as we have held before, that until a guardian has been duly appointed, the infant is exempted by section 115 from the limitation imposed in section 28 of the act. (*Matter of Kaplan* v. *Kaplan Knitting Mills, Inc.*, 221 App. Div. 484; 248 N. Y. 10.)

Reaching this conclusion we find it unnecessary to consider the questions as to whether the notice of injury served may also be interpreted as a claim; and whether the claim was timely served under the provisions of section 23 of the Civil Practice Act. The Board relied on a special act of the Legislature authorizing the individual to make presentation of his claim regardless of the general limitation of the statute (Laws of 1927, chap. 709). We disregard the statute as being unconstitutional and void. (State Const. art. 3, § 18.) " It is manifestly contrary to the first principles of civil liberty and natural justice and to the spirit of our Constitution and laws that any one citizen should enjoy privileges and advantages which are denied to all others under like circumstances; or that any one should be subjected to loss, damages, suits

or actions from which all others under like circumstances are exempted." (*Holden* v. *James*, 11 Mass. [11 Tyng] 396, 405.) This rule is followed in *Davison* v. *Johonnot* (7 Metc. 388); *Lewis* v. *Webb* (3 Me. 326); *Smith* v. *Warden* (80 Ky. 608). (See, also, 2 Cooley Const. Lim. [8th ed.] 809; *Slingerland* v. *International Contracting Co.*, 169 N. Y. 60, 72; *Thousand Island Park Assn.* v. *Tucker*, 173 id. 203, 209.)

For the reasons stated, the award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, P. J., HINMAN, HILL and HASBROUCK, JJ., concur.

Award affirmed, with costs to the State Industrial Board.