Brann v. Hart, &c.

---

CASE 100—APPEAL TO CIRCUIT COURT—JUNE 19.

# Brann v. Hart, &c.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. TITLE OF ACT.—The act of March 20, 1880, entitled "an act to prohibit the sale of spirituous, vinous or malt liquors or mixtures of either in the Seventh magisterial district of Pendleton county," relates to but one subject.

2. REPEAL OF LIQUOR LAWS BY CONSTITUTION.—Neither general nor local prohibitory liquor laws which were in force at the time of the adoption of the present constitution were repealed by that instrument. The manner in which such an existing statute may be repealed or nullified is expressly provided for in chapter 81 of the Kentucky Statutes, and a local prohibitory liquor law which has not been repealed or nullified in the manner provided in that chapter must be regarded in full force.

WM. H. HOLT AND W. J. PERRIN FOR APPELLANT.

1. The special act of the legislature prohibiting the sale of all spiritu-

ous, vinous or malt liquors in the Collensville Precinct in the
county of Pendleton is repealed by the general revenue law al-
lowing distillers in good faith of spirituous liquors to retail in
quantities not less than a quart, the product of their own manu-
facture upon the payment of $75 license tax. (Session Acts 1879,
vol. 1, page 502; Kentucky Statutes, secs. 4205-4224, 4267; constitu-
tion, secs. 59, 61.)

2. The special act in regard to the sale of liquor in the Collensville
precinct in Pendleton county is unconstitutional because it re-
lates to two distinct and unconnected subjects under one title.
(Sutherland on Statutes & Constitutions, 214; Endlich, sec. 206.)

LESLIE T. APPLEGATE and L. P. FRYER for appellees.

1. The court below being the judge of the law and facts, and there be-
ing no bill of evidence in the record, this court can not disturb
the judgment of the court below. (Kentucky Statutes, sec. 4212.)

2. The local law having prohibited the sale of spirituous liquors in
the Collensville precinct of Pendleton county, the general law
granting to distillers the right to retail liquor upon the payment
of $75 license tax does not affect the prohibition in this especial
territory under the said local law. (Session acts 1879, vol 1, sec.
502.)

JUDGE LEWIS delivered the opinion of the court.

By an act of March 20, 1880, entitled "An act to pro-
hibit the sale of spirituous, vinous or malt liquors, or
mixtures of either, in the seventh magisterial district of Pen-
dleton county," it was made unlawful for any person to sell
spirituous, vinous or malt liquors, or mixtures of either, or to
obtain a merchant's coffee-house, tavern, or other license, to
sell within limits of seventh magisterial district in Pendle-
ton county.

In 1893, appellant, Brann, operating a distillery in that
district applied to Pendleton County Court for a distiller's
license to sell, and due notice having been given an order
was made to that effect. But upon appeal to Pendleton Cir-
cuit Court that order was set aside, leaving appellant with-
out any license to sell. And the question on this appeal is

whether the act of March 20, 1880, referred to, has been re-
pealed, or is still in force?   Another question is, however,
made, that we will first dispose of; that is, whether the act
is not unconstitutional and void, because relating to more
than one subject?

But it seems to us the provision made therein against the
sale, against issuing a license of any kind for such sale, for
punishment of a person violating the first section of the act,
all relate directly to the subject expressed in the title.

It is contended that the act in question is repealed by
section 59 of the constitution, which forbids the General As-
sembly passing local or special acts concerning, among
others, the subject "of taking the sense of the people of any
city, town, district, precinct, or county, whether they wish
to authorize, regulate or prohibit the sale of vinous, spiritu-
ous or malt liquors, or alter the liquor laws."

In our opinion it was not intended by that section to
*ipso facto* repeal existing laws, either general or local, pro-
hibiting the sale of liquors.   On the contrary, the words we
have italicized show such repeal was intended to be pro-
vided for by a general law on the subject to be thereafter
enacted.

Section 4205, Kentucky Statutes, authorizes licenses
granted to merchants, druggists and distillers for the pur-
pose of retailing liquor upon the terms therein provided.
And by section 4267, of the same chapter, title of which is
"Revenue and Taxation," all acts and parts of acts in conflict
with that chapter are repealed.

But it certainly was not intended by that section to repeal
any act like the one in question.   For the manner in which
such an existing statute may be repealed or nullified, as
well as the manner in which sale of spirituous, vinous or
malt liquors may be hereafter prohibited in any city, town,

county, district, or precinct, is expressly provided for in chapter 81, Kentucky Statutes, title of which is "Local Option Law," which was intended to, and does, regulate the whole subject, as provided for in section 61 of the constitution. And as it does not appear that the act of March 20, 1880, has been repealed or nullified in the manner provided in chapter 81, it must be regarded in full force. Consequently, the county court order granting license to appellant was properly set aside.

Judgment affirmed.