CASE 6—INDICTMENT—OCTOBER 15.

## Stamper v. Commonwealth.

**APPEAL FROM CARTER CIRCUIT COURT.**

1. INDICTMENT—JOINDER OF OFFENSES—CURING DEFECT.—Where one is charged in an indictment with selling liquors to two persons in violation of a local option law, and a demurrer is filed to the indictment, the defect in charging two distinct offenses was

cured by the election made on the record by the Commonwealth's attorney, before the demurrer was disposed of, to prosecute him only for selling to one of them.

2. INDICTMENT—LIMITATION—PRACTICE IN CRIMINAL CASES.—The omission in an indictment charging a misdemeanor, of a formal statement that the alleged offense was committed within twelve months before the indictment was found, was immaterial when the indictment was found and returned on November 9, 1896, and contains a specific averment that the offense was committed on November 2, 1896.

3. LOCAL OPTION—EVIDENCE—PEREMPTORY INSTRUCTION.—Upon a trial of one charged with selling liquors in violation of a local option law, where the evidence showed that he owned and controlled a house wherein liquor was clandestinely and unlawfully sold, and that in the rear part of that house was a partition wall, on one side of which the buyer stood and on the other side the hidden seller, and in the wall was a hole through which a small box containing the money of the buyer was pulled and was in a short time pushed back to him containing a bottle of whisky, the lower court was justified in instructing the jury upon the hypothesis that the defendant, if not in person, by his authorized agent, sold the liquor as charged.

4. LOCAL OPTION—INTOXICATING LIQUORS—CONSTITUTIONAL CONSTRUCTION.—The general local option law of March 10, 1894, passed in pursuance to the provisions of section 61 of the Kentucky Constitution did not nullify local option elections held prior to the adoption of the present Constitution under local laws then in force, resulting in a vote against the sale of liquor; but the sale of liquor remains unlawful in such counties or precincts until another election shall be held with a different result, according to the provisions of the general law now in force, it being specially provided in the latter clause of said section 61 of the Constitution that "Nothing herein shall be construed to interfere with or to repeal any law in force, relating to the sale or gift of such liquor;" but the penalties imposed by the general law are substituted for those of the local law.

5. LOCAL OPTION—PENALTY.—The defendant can not complain that the lower court imposed the penalty provided by the local law, when that penalty was less than the one prescribed by the general law, which should have been imposed.

JOHN L. SCOTT FOR APPELLANT.

1. Under the evidence of the Commonwealth the appellant was clearly entitled to the peremptory instruction; the State's evidence

not only failed to show that he sold the liquor, but on the contrary showed that he did not.

2. There can be no such thing as an agent delegated to commit crime or violate the law; and the instruction that refers to agency was, therefore erroneous. South v. Commonwealth, 89 Ky., 494.

.3. There was no evidence upon which to base any instruction as to a sale by an agent, and instructions must be given always to suit the facts proven. Allen v. Commonwealth, 86 Ky., 647; Commonwealth v. Harrison, 17 Ky. Law Rep., 344; Leber v. Commonwealth, 9 Bush, 11; Berry v. Commonwealth, 10 Bush, 15; Edgerton v. Commonwealth, 7 Bush, 142.

J. D. JONES OF COUNSEL ON SAME SIDE.

W. S. TAYLOR FOR APPELLEE.

1. The facts and circumstances in evidence fully authorize the instruction upon the question of agency and justify the submission of the case to a jury.

2. The defect, if any, in the indictment as to the sale to both of the parties was cured by the election to prosecute only for a sale to one of them.

3. The local option laws in force in the various municipalities prior to the adoption of the present Constitution expressly continue in force by section 61 of the Constitution, until repealed as provided in the general law. Sec. 61, Ky. Constitution; sec. 2560, Ky. Stats.; McTigue v. Commonwealth, 99 Ky., 66.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted and convicted for unlawfully selling spirituous liquor contrary to "An act to regulate the selling, procuring for or giving of spirituous, vinous or malt liquors or any intoxicating drinks in the county of Carter." Approved March 18, 1886.

He was charged in the indictment with so selling to each Davis and Scott, and counsel argue that the demurrer ought, for that reason, to have been sustained. But conceding two distinct offenses were thus improperly charged in the same indictment, the defect was cured by the election made on

record, by the Commonwealth's attorney before the demurrer was disposed of to prosecute him only for selling to Davis.

Another objection is made on account of omission of the formal statement that the alleged offense was committed within twelve months before the indictment was found. The reason for requiring that statement in an indictment for a misdemeanor is that the plea of limitation should be by the Commonwealth anticipated and made to appear *prima facie* precluded. But as the indictment in question was found and returned November 9, 1896, and contains a specific averment that the alleged offense was committed November 2, 1896, no further statement on the subject was needed. Appellee did not in person, on the day named, deliver liquor to Davis and receive from him pay therefor. But he owned and controlled a house wherein liquor was clandestinely and unlawfully sold. In the rear part of that house was a partition wall, on one side of which Davis, the buyer, stood, and on the other side was stationed the hidden seller. In the wall was a hole, through which a small box containing the money of Davis was pulled, and in a short time it was pushed back to him containing in exchange a bottle of whisky.

Such facts being proved, the lower court was fully justified in instructing the jury upon the hypothesis appellant, if not in person, did by his authorized agent sell the liquor as charged.

It was admitted on the trial that in June, 1886, an election was duly held in pursuance of the statute mentioned, when a majority of votes were cast against the selling of spirituous, vinous or malt liquors in Carter county, and con-

sequently such selling in that county became thereafter unlawful. But the question is here presented whether that statute had been repealed, and prosecutions under it rendered ineffectual at the time the alleged offense was committed; and determination of it depends upon the proper meaning of section 61 of the Constitution, as follows: "The General Assembly shall by general law provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned or the sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquor. All elections on this question may be held on a day other than the regular election days."

That section literally interpreted left all existing local laws, like the one under consideration, relating to the sale or gift of spirituous, vinous or malt liquors wholly intact and in full operation. But manifestly it was foreseen and intended that in performance of the duty enjoined thereby the General Assembly would necessarily have and exercise the power of making the required general law comprehensive of the whole subject, and enforcible uniformly throughout the Commonwealth. Accordingly a general law was, March 10, 1894, enacted, now contained in chapter 8, Kentucky Statutes, which not only does provile the means whereby the sense of the people of each county, city, town, district or precinct may be taken on the question mentioned, and the mode of ascertaining result of such elections; but it is made applicable to and paramount in every such local sub-

division of the State in respect to the conditions of holding
the elections and how often they may be held; the class of
persons excepted and conditions upon and extent to which
they are excepted from operation of the law; and also the
manner of enforcing and penalties for violation of it. If
that general law did not have effect to supersede all local
laws on the subject the policy of uniformity in character
and administration of laws, which was a leading idea of
those who framed the Constitution, would be defeated, and
subdivision 29 of section 59 of that instrument which pro-
vides that in all cases where a general law can be made
applicable no special law shall be enacted, would have to be
disregarded.   The provision in section 61 that nothing there-
in shall be construed to interfere with or repeal any law in
force relating to the sale or gift of such liquors, must not,
however, be ignored.   And so the inquiry arises, whether
it can be reconciled with other provisions of the Constitu-
tion, in accordance with which the statute of March 10,
1894, was enacted and exists.   We think it can be done so
that the general law may remain the sole and supreme
law on the subject, and at the same time the purpose of the
saving clause be not defeated.   It had been legislative policy
prior to adoption of the Constitution to make validity and
enforcement of all prohibitory liquor laws dependent upon
local option; that is, upon a majority of votes being cast at
an election held in the locality affected in favor of such
prohibition, and that policy was evidently intended to be
continued under the present Constitution, except that the
entire subject should be regulated by one general law, in-
stead of conflicting and dissimilar local laws.   It thus be-

came necessary, or framers of the Constitution deemed it necessary, to require, by a mandatory provision in a separate section, the General Assembly to enact a general law for taking the sense of the people in localities named on the question of selling liquors. That being the expressed object of section 61, it must be presumed those who adopted it having in mind, when adding the saving clause only to that subject, intended thereby simply to prevent undoing elections already held in pursuance of the various local laws then existing, not to prevent or hinder enactment of any provisions necessary to a full and complete general law on the subject.

It thus results the General Assembly has not, even if it could, nullified the effect of the election held under the law applicable to Carter county, and that sale of liquor there is unlawful and will remain so until another election be held, with a different result, according to provisions of the general law now in force. It appears that the penalty prescribed for violation of the Carter county law, and inflicted on appellant, is less than the minimum amount prescribed in the general law. But as he has not been prejudiced, but rather profited, by failure of the lower court to impose the penalty prescribed by the general law which might have been done, can not complain.

Judgment affirmed.