CASE 98—INDICTMENT FOR LIQUOR-SELLING—JAN. 27.

## Book v. Commonwealth.

### APPEAL FROM WEBSTER CIRCUIT COURT.

CRIMINAL LAW—LIQUOR SELLING—PENALTY.—The local option act of 1894 operated as an amendment to the special act applicable to Webster county as to the penalties for selling liquor in violation of the provisions of the special act.

TOWERY & MAHAN FOR THE APPELLANT.

The appellant was tried for an offense committed against the special law applicable to Webster county, and he was entitled to an instruction to the jury limiting the penalty to that denounced by that act. Acts 1895-6, vol. 1, pp. 1361, 2, 3. The local option law did not become applicable to Webster county until after a vote had been taken by the voters of the county. Brown v. Com., 98 Ky., 655.

W. H. HOLT ON THE SAME SIDE.

To the same point, cited: Brown v. Com., 98 Ky., 655; Acts 1885-6, p. 1360, vol. 1; Acts 1894, p. 123.

CLIFTON J. PRATT, ATTORNEY-GENERAL, FOR APPELLEE.

The local option law had been made applicable to Webster county by a vote of the people before the finding of the indictment. The penalty, therefore, denounced by the local option law was properly made applicable to the appellant's case. Local Option Law, Act March 10, 1894; Acts 1885, 6 vol. 1, p. 1360; Stamper v. Com., 19 Ky. Law Rep., 1014; Thompson v. Com., 20 Ky. Law Rep., 397.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, in December, 1897, was indicted for selling spirituous, vinous and malt liquors in Webster county in violation of a special act of the Legislature prohibiting such a sale after a vote of the people as provided in the act. The penalty under this special act was a fine of from $50 to $250, but the trial court's instructions author-

ized the infliction of a fine of not less than $100 nor more than $200, and appellant was fined $100.

As the sale in question occurred after the passage of the general local option law of 1894, which prescribes a fine within the last-named limits, the general law must be held to be applicable to the case under the law as announced in Stamper v. Commonwealth, 19 Ky. L. R., 1014, [42 S. W., 915, 1014], and Thompson v. Com., 20 Ky. L. R., 397, [45 S. W., 1039], and [46 S. W., 492, 698].

It is true that a vote under the general law had not been taken in Webster county when the sale by appellant was made, but the general law had been adopted by the Legislature, and effected, as said by this court in the cases named, a substitution of the penalties denounced in the general law for those denounced in the special law. This substitution became effective upon the adoption of the general law, and this adoption was prior to the sale in question.

The judgment is therefore affirmed.