CASE 57—PROSECUTION FOR SELLING LIQUOR WITHOUT LICENSE—
APRIL 16.

## Edmonson v. Commonwealth.

APPEAL FROM UNION CIRCUIT COURT.

DEFENDANT WAS CONVICTED AND APPEALS. AFFIRMED.

INTOXICATING LIQUORS—REPEAL OF LOCAL LAW—INDICTMENT—PENAL-
TY.

Held: 1. The provision of a town charter forbidding the sale of liquor in the town, or within one mile thereof, with certain exceptions, was not repealed by the Constitution, or by the general local option law of March 10, 1894, except as to procedure and penalty, and with that exception it remains in force until it becomes inoperative by a vote of the people under the general local option law, especially as the charter of towns of the sixth class, to which the town in question has since been assigned, provides that no license to sell liquor shall be granted in any town where the sale of liquor forbidden by law, until such law be changed.

Edmonson v. Commonwealth.

2. An indictment for the sale of liquor in a district in which a local prohibitory law is in force need not allege such local law to be in existence if it became operative without a vote of the people.

3. The penalty of the general local option law, and not the penalty of the general revenue law, applies where a local prohibitory law is in force.

4. The amendment of March 15, 1898, to the general local option law (Kentucky Statutes, section 2557a), fixing at from $20 to $100 the penalty for selling substitutes for spirituous, vinous, or malt liquors, did not repeal the penalty of from $100 to $200 prescribed by the original law for selling spirituous, vinous or malt liquors.

H. H. MORTON AND H. M. DAVIS, ATTORNEYS FOR APPELLANT.

The town of Sturgis was incorporated May 3, 1890, acts 1889-90, vol. 2, page 1826, and by the 27th section it is made unlawful to sell spirituous, vinous or malt liquors within the corporate limits thereof or within one mile thereof, and the penalty is fixed at a fine from $50 to $100. Appellant was indicted and convicted for a violation of this law and his fine fixed at $51, and he appeals.

Sturgis is a town of the sixth class under the present classification.

1. We think that the subject matter contained in section 27 of said town charter is foreign to that expressed in the title and said section is unconstitutional. Wulftange v. McCullom, 7 Rep., 334; Jones v. Thompson, 12 Bush, 394; Rushing v. Sebree, 12 Bush, 198; McNeel v. Com., 12 Bush, 727.

2. The court erred in overruling the appellant's plea to its jurisdiction. If this section of the old charter is in force, it must all be in force. The jurisdiction to try and punish violations of this act is given only to the police court of Sturgis. Sec. 3710 Ky. Stats., and sec. 1093 Ky. Stats.; McTigue Case, 99 Ky., 66.

3 In this case the trustees of the town, as they had done for several years past, granted to appellant his license, received his $500, and he had also paid the State $150, demanded of him for this privilege. The trustees and the State have his money, and he is in good faith exercising his privilege and should not be disturbed. McTigue v. Com., 99 Ky., 66; Storms v. Com., 20 Rep., 1434.

ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL, AND CLEM J. WHITTEMORE, FOR COMMONWEALTH.

The question in this case is whether the act incorporating the town of Sturgis, passed May 3, 1890 (see Acts 1899, page 1826,

vol 2) which prohibits the sale of whisky therein or within
one mile thereof, is repealed by the provisions of the new Con-
stitution and the laws governing cities of the sixth class, the
appellant having been granted a license to sell spirituous liquors
by the Trustees of said town, paying the city and State tax
therefor? He was convicted in the lower court and fined $51
and has appealed. In our opinion under the ruling of this court
in similar cases the license is void and the judgment of the
lower must be upheld. Criminal Code, sec. 13 as to jurisdic-
tion; Ky. Statutes, secs. 1596, 2554, 3704; Ky. Constitution,
sec. 61; Raubold, Sr. v. Com., 21 Law Rep., 1125; Brown v.
Com., 17 Law Rep., 1216; Braun v. Hart, 97 Ky., 735, McTigue
v. Com., 99 Ky., 66; Kilpatrick, &c., v. Com., 95 Ky., 326;
Stamper v. Com., 19 Ky. Law Rep., 1014; Thompson v. Com., 20
Ky. Law Rep., 397; Session Acts, Ky. Legislature, 1889, vol. 2,
p. 1826 to 1836.

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellant was indicted, tried, and convicted in the
circuit court of Union county of the offense of selling spir-
ituous liquors without a license. His fine was fixed at
$51, and he appeals.

The facts on which the conviction was had are not dis-
puted. Appellant sold spirituous liquors in the town of
Sturgis, Union county, having first obtained from the board
of trustees of the town, so far as they had authority to
grant, a license to sell such liquors, and appellant paying
for such license $500, and having also obtained the State
license. Upon these facts the court adjudged appellant
guilty, and assessed his fine as stated. The main question
presented is, did the board of trustees of Sturgis have au-
thority to grant appellant license to sell spirituous liquors?
Counsel also present the question of the jurisdiction of
the court. The indictment is drawn as under the general
revenue law, no reference being made to any local pro-
hibitory law. It appears that by an act of the General
Assembly approved May 3, 1890, it being a charter of the

Edmonson v. Commonwealth.

town of Sturgis, it was provided (section 27) as follows: "No spirituous, vinous and malt liquors shall be sold within the corporate limits of said town, or within one mile thereof, except by druggists," etc. The present charter of the town of Sturgis, being of the sixth class (section 3704, Kentucky Statutes), provides: "The board of trustees of such town shall have power: .· . . (4) The license tax to sell spirituous, vinous and malt liquors shall not be less than one hundred and fifty, nor more than five hundred dollars; and no such license shall be issued or granted in any town where the sale of such liquors is now forbidden by law, until such law be changed." In the case of Stamper v. Com., 42 S. W., 915, (19 Ky. L. R. 1014), this court held that section 61 of the Constitution left all existing local laws relating to the sale of spirituous liquors wholly intact and in force, being changed by the general law of March 10, 1894, as to procedure and penalty only, which made all local option laws uniform throughout the State. In Thompson v. Com., 45 S. W., 1039, 46 S. W., 492, 698 (20 Ky. L. R., 397), this court held that under section 61 all laws regulating or prohibiting the sale of spirituous liquors whether dependent on the vote of the people or made effective by legislative enactment, remained in existence, and were not repealed by the Constitution. In the latter case it was also held that by the general law of March 10, 1894, all prohibitory laws, whether dependent on a vote or not, were placed on the same basis, and that from the time that act became effective it was the whole law on the subject of prohibiting or regulating the sale of spirituous, vinous, and malt liquors, and that it applied equally in all localities of the State where there was any kind of a prohibitory law in force; that the penalty was uniform, and that

its provisions as to repeal or suspension of operation ap·
plied throughout the State; and that all laws as to the
prohibition of the sale of liquors were thereby made uni-
form. In the case of Raubold v. Com., 54 S. W., 17, (21 Ky.
L. R. 1125) this court. held that under the charter of the
fifth-class towns the board of trustees did not have power
to grant license to sell liquors where there was a local
prohibitory law in force prior to the adoption of the pres-
ent Constitution, which had not been expressly repealed
either by an act of the Legislature or become inoperative
by a vote of the people under the general local option law.
These cases are decisive of the case at bar.   The act pro-
hibiting the sale in Sturgis was not repealed by any act
of the Legislature, but, as was said in the Thompson case,
was left in force, modified as to procedure and penalty by
the general law of March 10, 1894, and will remain effec·
tive until a vote is taken under the general local option
law at which it may be declared inoperative.   The express
provision of the charter of sixth-class towns prohibits
the issuing of license in Sturgis until by vote the prohib·
itory law becomes inoperative.   The indictment herein,
though no reference is made to any prohibitory law, is
sufficient.   The local prohibitory law in force in Sturgis
is not dependent upon the vote of the people, and there-
fore such vote could not be charged, and it was not neces·
sary to charge the local act to be in existence.   In this
the case differs from indictments under a local law, first
effective by a vote of the people, where the charge must
be that the vote was taken, and the law thereby became
effective.   The penalty assessed in this case is $51, which
is below the minimum fixed by the general law (section
2557), which is from $100 to $200 for each offense.   We
presume that the trial court either construed the pen-

Edmonson v. Commonwealth.

alty prescribed under the general revenue law (from $50 to $1,000) applicable, or that section 2557 had been modified by the act of March 15, 1898, being section 2557a, Kentucky Statutes, (Ed. 1899), and the penalty there prescribed (from $20 to $100) substituted. In either case the court was in error. The minimum penalty for the sale of spirituous, vinous, or malt liquors in prohibited districts is $100, and the maximum $200. The general revenue law is superseded by the local option law where the latter is in force. The amendment of March 15, 1898, fixing the penalty at from $20 to $100, applies only to beverages, liquid mixtures, or decoctions which produce or cause intoxication,—in other words, substitutes for spirituous, vinous, or malt liquors,—and does not repeal the penalty for the sale of spirituous, vinous, and malt liquors as provided in the original act of March 10, 1894. It would follow, therefore, that the penalty fixed is below that provided by law. This error was not prejudicial to appellant, but was to his advantage, and there is no complaint made by the Commonwealth. We conclude, therefore, that the license granted to appellant is no protection to him in the sale of the liquors, and under the admitted facts he was guilty of a violation of the law, the minimum penalty for which is $100. There is therefore no error prejudicial to appellant, and the judgment is affirmed.