## Buskirk v. Commonwealth.

(Decided January 13, 1915.)

### Appeal from Pike Circuit Court.

1. Constitutional Law—Alteration of Liquor Laws—Section 59 of the Constitution does not prohibit the General Assembly from enacting a general law relating to an alteration of the liquor laws.

2. Constitutional Law—Authority of Legislature to Enact a General Law for the Alteration of the Liquor Laws.—Section 61 of the Constitution authorizes the Legislature to enact a law, whereby the sense of the people of any county, city, town, district, or precinct may be taken as to whether or not spirituous, vinous or malt liquors may be sold, bartered, or loaned therein or the sale thereof regulated.

3. Intoxicating Liquors—Manner of Repealing Prohibitory Law.—Section 2554 of the Kentucky Statutes authorizes a vote to be taken as to whether or not any prohibition law in force in any county, city, town, district, or precinct by virtue of any general or special act or acts shall become inoperative.

4. Intoxicating Liquors—Local Prohibitory Laws—Local prohibitory laws relating to the sale of liquors enacted by the General Assembly prior to the adoption of the present constitution, remain in force until annulled as provided in Chapter 81, of the Kentucky Statutes, and amendments thereto.

WHITT & SHANNON for appellant.

JAMES GARNETT, Attorney General, and R. T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

At the September term, 1914, of the Pike Circuit Court the appellant, R. W. Buskirk, was indicted by the grand jury of Pike county, and charged with the offense of violating the local option law by selling spirituous liquors to another in said county on the 14th day of September, 1914, the same being a territory wherein local option was in force. To this indictment the appellant

entered a plea of not guilty, and upon the trial of the case the circuit court found him guilty of violating the local option law and assessed a fine of $60.00 against him in favor of the appellee.

For the purpose of the trial of the case in the circuit court the appellant and appellee agreed upon and submitted to the court an agreed state of facts in the case. It was agreed that in the year 1884 the General Assembly of Kentucky enacted a law prohibiting the sale of intoxicating liquors or mixtures thereof in the counties of Pike, Martin, and Letcher. It was further agreed that in the year 1901 the number 12 voting precinct, known as Blackberry, in Pike county, voted upon the question of whether or not spirituous, vinous, or malt liquors should be sold within said precinct, and that at said election a majority of the voters in said precinct cast their votes in favor of the sale of spirituous, vinous and malt liquors, within said precinct, and that said election was regularly held as provided for in Chapter 81 of the Kentucky Statutes, known as the Local Option Law, and that the returns of said election were properly certified and canvassed as required by said law, and the certificate thereof recorded as required by said law, and that since said time no election upon that subject has been had in said precinct, nor in the county of Pike as a unit.

It was also agreed that the appellant has whisky in his possession in said Blackberry precinct, stored for the purpose of sale, and that at the time alleged in the indictment, and previous to that time, the appellant has had a tax stamp of the United States Government for the purpose, and authorizing him, so far as the internal revenue laws of the general government relate, to sell spirituous, vinous and malt liquors by retail at a place where his liquors are stored within the boundary of said precinct. It was further agreed that if, under the facts stated above, the sale of intoxicating liquors was not authorized by law in said territory, that the court should find the defendant guilty under the charge in the indictment stated, but, if, under the facts stated, the sale of such liquors was authorized by law in said precinct, the court should find the defendant not guilty. As a part of said agreement a certified copy of the order for taking the vote in said precinct in the year 1901, relative to the sale of whisky therein, was made a part of the record.

Upon this state of facts the court adjudged that the Local Option Law was in force in said Blackberry precinct under act of 1884, which prohibited the sale of whisky in Pike, Martin and Letcher counties, and the election held in said Blackberry precinct in 1901 did not affect said act, and further adjudged that the defendant was guilty of violating the Local Option Law as charged in the indictment, and fixed his punishment as aforesaid. The appellant filed grounds and entered a motion for a new trial, which was overruled by the court, and he appeals to this court.

On April 17th, 1884, the General Assembly enacted a law applying to the counties of Pike, Letcher and Martin, which provided that after the 15th day of June, 1884, "that it shall be unlawful for any person, persons, or corporation to sell any spirituous, vinous, or malt liquors, or a mixture of either in the counties of Letcher, Pike, or Martin, and any person thus offending shall be deemed to have been guilty of a high misdemeanor, and, upon indictment by a grand jury, and conviction thereof, shall be fined in any sum not less than $100.00, nor more than $200.00." This act may be found on page 70 of the Session Acts of 1883-4.

It seems that the only question to be determined by this court is as to whether or not this local prohibitory law of April 17th, 1884, is still in full force and operation within the said Blackberry precinct of Pike county, wherein it is agreed that the appellant committed the offense for which he was indicted and convicted. Section 59 of the Constitution provides that the "General Assembly shall not pass local or special acts to provide a means of taking the sense of the people of any city, town, district, precinct, or county, whether they wish to authorize, regulate or prohibit therein the sale of vinous, spirituous or malt liquors or alter the liquor laws."

This section of the Constitution, however, did not prohibit the Legislature from enacting a general law relating to the alteration of liquor laws in any portion of the State, but by Section 61 of the Constitution expressly authorized the Legislature to enact such a law. Section 61 of the Constitution is as follows, namely:

"The General Assembly shall, by general law, provide a means whereby the sense of the people of any county, city, town, district, or precinct may be taken as to

whether or not spirituous, vinous, or malt liquors shall be sold, bartered, or loaned therein, or the sale thereof regulated, but nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election day."

In conformity to the requirements of Section 61 of the Constitution, the General Assembly, by an act of March 10th, 1894, commonly called the Local Option Law, provided a general law for the taking of the sense of the legal voters of any county, city, town, district, or precinct as to whether or not spirituous, vinous, or malt liquors might be sold therein. By the first section of said act, which is Section 2554, of the Kentucky Statutes, it is provided that a vote may be taken by the persons who are qualified to vote at elections for county officers, as to "whether or not any prohibition law in force in any county, city, town, district, or precinct, by virtue of any general act or special act or acts, shall become inoperative, and counties, cities, towns, districts, and precincts in which the sale, barter or loan of spirituous, vinous, or malt liquors are now prohibited may have a vote thereon under the provisions of this act."

This court has uniformly held that where the sale of liquor was prohibited by a special act of the General Assembly prohibiting the sale in a special locality, that the local law remains in full force until repealed, or until the sale of liquor is permitted by an election held under the general Local Option Law. In construing the effect of the general Local Option Law in territory where by a special act of the Legislature the sale of spirituous liquors is prohibited, this court has uniformly held that the special law and the general Local Option Law should be construed together, and that the general law should control as to methods of procedure and the penalties to be assessed for the violation of the special law; but it has been as uniformly held that the special law prohibiting the sale of spirituous liquors within a specially designated territory can be rendered inoperative and repealed in the manner provided in the general Local Option Law for taking the sense of the people in said territory relating to whether or not they desire or do not desire the sale of liquor within such designated territory. (Stamper v. Commonwealth of Ky., 102 Ky., 33, 42 S. W., 915; Brann v. Hart, 97 Ky., 735, 31 S. W., 467; Ed-

monson v. Commonwealth of Ky., 110 Ky., 510, 62 S. W., 1018; Thompson v. Commonwealth of Ky., 103 Ky., 685, 45 S. W., 1039.)

In the case of Brann v. Hart, *supra*, the court said:

"For the manner in which such an existing statute may be repealed or nullified as well as the manner in which sale of spirituous, vinous, or malt liquors may be hereafter prohibited in any city, town, county, district, or precinct is expressly provided for in Chapter 81, Kentucky Statutes, title of which is Local Option Law, which was intended to, and does, regulate the whole subject as provided for in Section 61 of the Constitution."

There is no doubt that the Local Option Law was in force in all of Pike county, Kentucky, including the Blackberry precinct from March 10, 1884, until the year 1901. At the August term, 1901, of the Pike County Court a petition was filed signed by 25 per cent of the voters who cast their votes at the last preceding general election in said precinct, asking that an election be held in said precinct on the 7th day of December, 1901, for the purpose of taking the sense of the legal voters of said precinct as to "whether or not the Local Option Law, which then existed in said precinct, should be repealed, and whether or not spirituous, vinous, and malt liquors might be sold in the said precinct." Thereafter, in conformity to the provisions of Chapter 81 of the Kentucky Statutes, an order was made by said court directing such an election to be held by the proper officer in said precinct, and thereafter said election was held on the 7th day of December, 1901, and the returns from said election were duly canvassed and certified by the Election Commissioners of Pike county, and it appears that at said election that 87 votes were cast in favor of the sale of spirituous liquors being authorized in said precinct, and 12 votes were cast against said sale. This result repealed the prohibitory laws regulating the sale of liquor so far as it applied to the Blackberry precinct of said county. From the foregoing it appears that the circuit court was in error when it held that the Local Option Law was still in force in the Blackberry precinct of Pike county, and that the appellant was guilty of a violation of said law.

It is, therefore, ordered that said judgment of conviction be reversed, and this case be remanded to the court below with directions for proceedings consistent with this opinion.