## Ingram v. Commonwealth.

(Decided September 26, 1917.)

### Appeal from Calloway Circuit Court.

1. Intoxicating Liquors—Statutory Provisions.—The local acts prohibiting the sale of spirituous liquors, which were in force at the time of the adoption of the constitution, remain in force until repealed by legislation or by a vote of the people, as provided for by the act of March 10, 1894.

2. Intoxicating Liquors—Statutory Provisions.—The enactment of the general law of March 10th, 1894, did not repeal the local prohibitory laws in force at the time of the adoption of the constitution, but with its amendments operated as an amendment to the local prohibitory laws, and became in force in the territories embraced by the local laws, controlling the quantities of liquors which were permitted to be sold in such territories, the procedure necessary, and the penalties to be applied for the violation of such laws, and the local laws thus became a part and parcel of the general local option law of the state.

3. Statutes—Repeal—Repugnancy.—A statute is only repealed by an express provision of a subsequent statute or by necessary impli-

cation, and if there is not such repugnancy between the provisions of the two statutes, that they cannot be reconciled, both statutes continue in force, and if one is a local statute and relates to particular persons and places, and the other statute is a general one, they will both be held to be in force, and construed as forming one consistent law.

THOMAS P. COOK for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Hazel Ingram, was indicted in the Calloway circuit court for the crime of selling spirituous liquors in violation of the local option law, having theretofore been guilty of selling spirituous liquors in violation of such law, and having suffered a conviction therefor. The purpose of the prosecution was to inflict upon him the punishment prescribed by the act of the General Assembly of March 23, 1916, which provided that on a subsequent conviction for a violation of the act of March 10, 1894, or any of its amendments, for a violation committed after a former conviction for a violation of the act, or any of its amendments, the transgressor should be punished by confinement in the penitentiary for not less than one nor more than two years. The trial of appellant resulted in his conviction, and the imposition of the penalty of confinement in the State Reformatory for the period of one year. His motion and grounds for a new trial were overruled and his dissatisfaction with the judgment has caused this appeal.

The indictment, in substance, charged that the appellant in Calloway county, before the finding of the indictment, and in a territory wherein the local option law was in force, on the 17th day of November, sold one pint of liquor to one Graham in violation of that law, and that on the 13th day of November, he had been tried and convicted in the police court for the town of Murray, in said county, and a judgment for a fine imposed upon him for a former violation of such law. The judgment in the police court was offered in evidence and showed that, for a violation of the local option law previous to that time, he had been tried and convicted upon a plea of guilty, and a judgment rendered against him for a fine of seventy-five dollars on November 13th, and thereafter in the town of Murray, on the 17th day of Novem-

ber, it was proven beyond cavil, that he unlawfully sold a pint of whiskey to one Graham. The Commonwealth's attorney then offered in evidence the record in the office of the clerk of the county court of the certificate of the board for comparison and certification of the returns of elections, in Calloway county, of an election held in school district No. 35, of the county, including the town of Murray, on the third Saturday of the month of June, 1884, upon the question whether the sale, loan, exchange, barter or gift of spirituous, vinous or malt liquors should be lawful in such district. The certificate showed that such election was held and that a majority of the legal voters who voted at said election had voted against permitting the sale, loan, barter, exchange or gift of such liquors within the district. The appellant objected to the introduction of this record as evidence, but his objections were overruled and he saved an exception to the ruling of the court. This election was held under the provisions of a special act of the General Assembly which became a law on the 9th day of May, 1884. This act provided, that it should be unlawful to sell, loan, exchange, barter or give away any spirituous, vinous or malt liquors within the school district, and prescribed a punishment of a fine of one hundred dollars and confinement for thirty days in jail, or either, for any one violating the law by selling, loaning, exchanging, bartering or giving away any of such liquors within the district, but furthermore provided that the law should not be in effect until it was submitted to and ratified by the legal voters of the district at an election to be held for that purpose on the third Saturday of June, 1884, and when it was found that a majority of the legal votes cast at such election was against the sale, loan, barter, exchange or gift of spirituous, vinous or malt liquors in the district, the board for the examination and comparison of the returns of the election should certify that fact, and the certification should be delivered to the clerk of the county court and recorded in his office, and thereafter the law should be in full force and effect. The evidence showed that the sale of spirituous liquors charged against the accused was made by him within the territory embraced by this district. This local prohibitory act of May 9, 1884, has never been repealed, either by an act of the General Assembly or by a vote of the people, as provided for in what is usually termed the local option law of March 10, 1894, and by the saving clause of sec-

tion 61, of the constitution, is still in full force and effect. Stamper v. Com., 102 Ky. 33; Brann v. Hart, 97 Ky. 635; Edmonson v. Com., 110 Ky. 510; Raubold v. Com., 21 R. 1125; Thompson v. Com., 103 Ky. 685; Com. v. Bottoms, 22 R. 410; Buskirk v. Com., 162 Ky. 118; Crigler v. Com., 120 Ky. 512; Riley v. Com., 175 Ky. 33; Board of Council of Danville v. Raum, 141 Ky. 198. The act of March 23, 1916, under which appellant was convicted, is, by its terms, an amendment to an act of March 11, 1902, which was an amendment to the act of March 10, 1894, which was the general law enacted by the legislature for the purpose of putting into effect section 61, of the constitution, which provides, that the General Assembly shall by a general law provide a means ''for taking the sense of the people of any district as to whether spirituous, vinous or malt liquor shall be sold, bartered or loaned therein or the sale regulated.'' This latter statute is ordinarily called the Local Option Law.

Counsel for appellant argues with no small degree of force, that the law violated by appellant was not the local option law, but was the local law, which prohibits the sale of liquors in school district No. 35, of Calloway county, and that the act of March 23, 1916, does not make a subsequent conviction of a violation of this local prohibitory law a felony, but it is the law of March 10, 1894, and its amendments, a violation of which a second time may be visited with the punishment of confinement in the penitentiary, and insists that the trial court was in error in overruling appellant's motion for a peremptory instruction in his favor at the conclusion of the evidence on the part of the Commonwealth's attorney. It is very clear, that if the local prohibitory law in force in school district No. 35, of Calloway county, is not a part of the general local option law of the state, and the act of March 23, 1916, was not intended to apply to the territories wherein local prohibitory laws are in force, the appellant's motion for a directed verdict in his favor ought to have been granted, as the variance between the allegations of the indictment and the proof would, in that event, be necessarily fatal. The result of that view of the law would be, that in districts of the state wherein the sale of liquors is prohibited by special acts of the legislature, and in those wherein the special prohibitory laws have been put into effect by a vote of the people, as in the instant case, the punishment for a violation of such laws could not in any instance be in excess of a fine and a short term of imprison-

ment, although the offense might be repeated by an individual many times, while in the adjoining district, where the prohibition of the sale of liquors has been effected by a vote of the people in accordance with the act of March 10, 1894, and a sale made after a conviction for a violation of the law would result in the individual being found guilty of a felony and consigned to the penitentiary. Thus, oftentimes in the different sub-divisions of a county the punishment for the same act would be in one sub-division a misdemeanor and in another a felony. It goes without saying, that the legislature did not intend by its legislation to bring about any such result, as such would be an unhappy outcome of the efforts of a government to enact and administer criminal laws. When the present constitution was adopted in 1891 there were many local prohibitory laws in force in different sections of the state, some of which were special enactments of the legislature prohibiting the sale of liquor in certain localities, without submission of the question to the voters in the locality, while under other of the special statutes the question of prohibiting the sale of liquors in the locality had been submitted to a vote of the people, as in the present instance, and the prohibition had been put into effect by the will of the people in the locality, as expressed by their votes at an election held for that purpose, and were in fact local option laws. These various laws prescribed different procedure for punishing violations and different penalties, and were not uniform in the quantities of liquors permitted to be sold. In some localities no quantity was permitted to be sold, while in others the sale of varying quantities was lawful. Section 61, of the constitution, while it made provision for a general law upon the subject of prohibiting the sale of liquors applicable to every part of the state, provided that the local prohibitory laws then in force should not be repealed by anything provided for in that section. Hence, the enactment of the general law of March 10, 1894, did not repeal the local prohibitory laws in force when the constitution was adopted, but they remained in force, unless repealed by legislation, or by an election held in the locality, as provided for in the act of March 10, 1894. It became necessary, however, to construe the general law and the local law together, and this resulted in it being held in numerous cases that the general law of March 10, 1894, operated as an amendment to each of the local prohibitory laws then in force and controlled

as to the quantity of liquor that could be sold in a territory embraced by the local law, and the procedure and penalties for the violation of the law of such territory. It was necessary to thus hold in order to make the law prohibiting the sale of liquors uniform throughout the Commonwealth, and was in accordance with the well-established principle, that a statute is only repealed by an express provision of a subsequent statute or by necessary implication, and if there is not such a repugnancy between the provisions of the statutes, that they cannot stand together or be consistently reconciled, both statutes continue in force. However, when one is local in its nature and relates to particular places and persons, and the other statute is a general one, they will both be held to be in force, and construed as forming one consistent law. Com. v. Cain, 14 Bush 525; Louisville v. Louisville Water Co., 105 Ky. 754; Murphy v. City of Louisille, 114 Ky. 764. In the light of the fact that the local prohibitory laws were not repealed by the enactment of the general law, the legislature intended to make the general law effective as to procedure, penalties for violation, and quantity of liquor which could be sold by the provisions of the general law applying to all territories wherein the sale of spirituous liquors was prohibited. Hence, it results that the general local option law is in force in every locality, wherein the prohibition of the sale of liquors exists or existed at the time of the adoption of the constitution, whether the prohibition was the mere expression of the legislative will or had been put into effect by a vote of the people. The provisions of the amendments of the general law of March 10, 1894, must, also, necessarily be in force in the localities wherein local prohibition laws are in effect. Thus, every local prohibitory law became a part or parcel of the general local option law of the state. The local act of May 9, 1884, under which the sale of spirituous liquors was prohibited in school district No. 35, of Calloway county, was not, of course, an amendment to the law of March 10, 1894, but the latter enactment with its amendments operated as amendments to the local law of May 9, 1884, and are in force in the territory embraced by that law. Hence, the charge in the accusative part of the indictment, that the appellant had been guilty of a violation of the local option law, after theretofore having been convicted of a violation of such law, did not describe an offense different from the one of which the proof showed him to be guilty, and could

not have misled him as to what law he was charged with a violation of, when the specifications set out the person to whom the liquor was sold and the place wherein the sale was made, and the court did not err in admitting the certificate of the examining and comparing board of elections, showing that the local prohibitory act of May 9, 1884, was in force, and did not err in overruling the motion for a directed verdict in appellant's favor.  Riley v. Com., 175 Ky. 33; Board of Council of Danville v. Raum, 141 Ky. 198; Buskirk v. Com., 162 Ky. 118; Raubold v. Com., 21 R. 1125; Brann v. Hart, 97 Ky. 735; Locke v. Com., 25 R. 76; Crigler v. Com., 120 Ky. 512; Book v. Com., 107 Ky. 605; Thompson v. Com., 45 S. W. 1039, 20 R. 397; Farris v. Com., 111 Ky. 236; Stamper v. Com., 19 R. 1014, 42 S. W. 915; Call v. Com., 30 R. 600; Combs v. Com., 31 R. 822.

It is not considered necessary to advert to the other objections to the judgment, and no substantial error appearing in the record to appellant's prejudice, it is therefore ordered that the judgment be affirmed.